Birdie WILBURN, Appellant,

v.

Emma MEYER et al., Respondents.

No. 23017.

Kansas City Court of Appeals.

Missouri.

Nov. 2, 1959.

William M. Stringer, Moberly, for appellant.

John J. Stegner, W. H. Martin, Boonville, for respondents.

SPERRY, Commissioner.

This is a suit by Mrs. Birdie Wilburn, plaintiff, a sister of Robert L. Minor, deceased, against Emma Meyer, a niece of Katherine C. Minor, deceased, who was the surviving widow of Robert L. Minor. Plaintiff seeks damages against defendant on the grounds that she fraudulently concealed the fact of the existence of the true will of Mr. Minor from the date of his death, in 1942, until 1949, when it was too late for plaintiff to cause the true will to be probated; that she was, thereby, fraudulently deprived of benefits provided for her in the true will.

The cause was tried to the Court. At the conclusion of the evidence the court announced: "All right, gentlemen. I am not satisfied with the burden of proof in this case. There will be judgment entered for the defendants."

Plaintiff moved for new trial, alleging that the judgment was against the weight of the evidence and that, under the evidence, judgment should have been for plaintiff. The motion was not ruled within ninety days and this appeal followed.

Both parties concede that there is no reported case in this state of a similar character. However, it appears that it has been held, in other jurisdictions, that an action in tort will lie against one who fraudulently procured the suppression of a valid will whereby plaintiff suffered the loss of benefits therein provided. Vol. 19, University of K. C. Law Review, Pages 83, 84, 85, 86. In this case, defendant concedes the propriety of the action.

Plaintiff and her daughter testified. She introduced into evidence two instruments, identified as Exhibits 1 and 4. Exhibit 1 is the will of testator which was admitted to probate, and Exhibit 4 is a typewritten instrument, bearing the *typewritten* signature of testator and the *typewritten* signatures of three persons as witnesses. At the top of this exhibit appears the following typewritten words: "Copy of Robert L. Minor's Will." The instrument admitted to probate in 1942, referred to as Exhibit 1, bears the same date as does Exhibit 4; January 5, 1937.

It is conceded that, on that date, testator owned two pieces of property in Boonville, Missouri. One was located at 109 West *Morgan* Street, where he and his wife resided. The other was located at 109 West *Spring* Street. Both instruments, under item 2 therein, provide a life estate for testator's wife in all of his real estate. But in item 3 of Exhibit 1 it is provided that, after the death of testator's wife, plaintiff (his sister) should have a life estate in the property located at *109 West Spring Street* and, at her death, it "shall go to her daughter, Ethel Wilburn." However, in Item 3 of Exhibit 4, it is provided that, upon the death of the wife, plaintiff herein should have a life estate in his property located at *109 West Morgan Street and,*

**230**

at her death "shall go to her daughter, Ethel Wilburn." Except for the name of the street upon which the property was located, which was given to plaintiff for life, then to her daughter, the two instruments are identical.

Plaintiff offered testimony to the effect that, prior to his death, testator sold and transferred the property located at 109 West *Spring;* that he died possessed only of the property located at 109 West *Morgan;* that she first learned of the existence of Exhibit 4 in 1949 when Mrs. Minor and defendant showed it to her; that they told her that it had been probated and that they had just got it "at the Court House," that defendant offered plaintiff's daughter $10 for a deed for her interest in the property; that defendant is the wife of Mrs. Minor's favorite nephew and nursed and cared for both her and testator during their last illnesses.

Mrs. Minor died prior to the institution of this suit. Defendant testified to the effect that she was with her aunt, at plaintiff's home, when Exhibit 4 was given to plaintiff; that she carried it there for her aunt, in her purse; that she did not know how her aunt came into possession of it and did not know of it until her aunt sought an old age pension; that her aunt, not defendant, offered to pay $10 for a deed from plaintiff's daughter.

There was no evidence, from any source, as to whether any instrument, of which Exhibit 4 purports to be a copy, was executed by testator or signed by any witnesses. Certainly, the instrument in evidence, standing alone, is wholly insufficient to establish that testator ever signed its purported original; that he executed such an original in the presence of two competent witnesses; or that any statutory requirements relating to the execution of a valid will in Missouri were observed. In short, there is no substantial evidence in the case which tends to prove that R. L. Minor ever executed any instrument purporting to be

a will, other than the one that was admitted to probate.

 It was incumbent upon plaintiff to offer substantial proof of at least two facts: (1), that a valid will was executed by deceased; (2), that defendant procured its suppression. Having failed to prove the first, she obviously could not prove the second. Proof of the execution of a valid will was as essential here as is proof of the *corpus delicti* in a criminal case.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.