Grace BUCHANAN, Appellant,

v.

R. B. THRASHER et al., Appellees.

No. 11265.

Court of Civil Appeals of Texas.

Austin.

Feb. 10, 1965.

Rehearing Denied March 17, 1965.

Emmett Shelton, Austin, for appellant.

J. Hubert Lee, Robert B. Thrasher, Austin, for appellees.

HUGHES, Justice.

This suit was filed by Grace Buchanan, appellant, originally against R. B. Thrasher, Mrs. Pauline Maufrais and others. A motion for summary judgment was filed by all defendants and was granted as to the defendants whom we have not named and refused as to Mr. Thrasher and Mrs. Maufrais.

The suit is one for damages for fraud, concealment and deceit which, it is alleged,

prevented the probate of the last will and testament of Mortimer H. Deats, deceased, in which Mrs. Buchanan was a beneficiary of property of the probable value of $30,-000.00. She alleged that this was a "valid will."

Trial was to a jury which returned the following verdict:

"*SPECIAL ISSUE NO 1:*

"Do you find from a preponderance of the evidence that the deceased, Mortimer H. Deats, signed the original copy of the will dated in 1953 before two witnesses?

"Answer 'Yes' or 'No.'

"ANSWER: *YES*

\* \* \* \* \* \*

"*SPECIAL ISSUE NO. 2:*

"Do you find from a preponderance of the evidence that the defendant, Robert B. Thrasher, was one of the attesting witnesses to such will?

"Answer 'Yes' or 'No.'

"ANSWER: *YES*

\* \* \* \* \* \*

"*SPECIAL ISSUE NO. 3:*

"Do you find from a preponderance of the evidence that the defendant, Robert B. Thrasher, has falsely contended that he does not remember whether he was a witness on such will in order to keep it from being offered for probate?

"Answer 'Yes' or 'No.'

"ANSWER: *YES*

"*SPECIAL ISSUE NO. 4:*

"Do you find from a preponderance of the evidence that the defendants,

Pauline Maufrais and Robert B. Thrasher, have conspired with one another in destroying or concealing such will to prevent it from being offered for probate?

"Answer 'Yes' or 'No.'

"ANSWER: *NO*

\* \* \* \* \* \*

"*SPECIAL ISSUE NO. 5:*

"Do you find from a preponderance of the evidence that the defendant, Pauline Maufrais, has destroyed or concealed the will of Mortimer H. Deats?

"Answer 'Yes' or 'No.'

"ANSWER: *NO*

"*SPECIAL ISSUE NO. 6:*

"Do you find from a preponderance of the evidence that the defendant, Robert B. Thrasher, has destroyed or concealed the will of Mortimer H. Deats?

"Answer 'Yes' or 'No.'

"ANSWER: *NO*"

Appellant and appellees moved for judgment on this verdict. Mr. Thrasher also moved that issues three and seven and their answers be disregarded.

■ The trial court rendered judgment that appellant take nothing and that appellees go hence with their costs without day.[1]

Appellant has but one point of error which we quote:

"The Court should have entered judgment in favor of the plaintiff, Grace Buchanan, upon the answers of the jury to special issues number 1, 2, 3 and 7, which issues found that the defendant, R. B. Thrasher, after hav-

---

1. This judgment does not mention the previous summary judgment in favor of other persons originally sued. We hold that this interlocutory summary judg-

ment merged with the interlocutory judgment in favor of appellees to create a final judgment.

ing drawn and witnessed the will of Mortimer H. Deats later falsely contended that he did not remember being a witness to such will in order to keep the will from being offered for probate to plaintiff's consequent loss of her bequest under the will of about $30,-000.00."

Mortimer H. Deats was a life long resident of Travis County. He was never married. His parents predeceased him. He left surviving him one sister, appellee, Mrs. Pauline Deats Maufrais, and four children of a deceased sister. Mr. Deats died August 26, 1960, at the age of 71 years.

Mrs. Grace Buchanan had been an intimate friend of Mr. Deats for about twenty years prior to his death. During this time, the evidence shows, Mr. Deats did not keep the company of any other woman.

Mr. R. B. Thrasher was, and is, an attorney practicing in Austin, Texas. He was a cousin of Mr. Deats and is a cousin of Mrs. Pauline Maufrais.

In 1953, Mr. Deats went to the law office of Mr. Thrasher who, at the request of Mr. Deats, drew his will.[2] Frequently, although not invariably, Mr. Thrasher and his secretary, or in her absence someone in a neighboring office, witnessed the wills which Mr. Thrasher drew.

Neither Mr. Thrasher nor his secretary could remember, so they testified, whether either had witnessed the will of Mr. Deats or whether either had seen him sign it.

Mr. Thrasher kept a copy of the will he had drawn for Mr. Deats, furnishing a copy of this copy to the attorney for appellant upon learning that litigation was developing regarding it. A copy of the will is in evidence, and we quote the provisions beneficial to appellant:

"THIRD: I give and bequeath to my friend, Grace Buchanan, all of my United States Savings Bonds of any and all denominations on hand at the time of my death.

"I also give and devise unto the said Grace Buchanan 283 acres of land out of the O. Bruckman League and the Thomas Toulson One-fourth League in Travis County, Texas, and being *TENTH TRACT* of land sold and conveyed to Mortimer H. Deats by Eliza A. Thrasher et al by deed of date June 3, 1938, of record in Book 589, pages 313–336 of the Deed Records of Travis County, Texas, to which reference is here made."

The value of this property is shown to be about thirty thousand dollars.

The produced copy of the will does not have in it the names of the witnesses. The spaces for them are blank.

There is no proof that this will was executed in the manner prescribed by law. Mrs. Buchanan testified that she first saw the will in 1953; that it was signed on the line under which the word "Testator" was typed "Mortimer H. Deats;" that she knew the signature of Mr. Deats; that on the "two bottom lines" there were two signatures, one of which was "Robert Thrasher," and the other she did not remember.

Mrs. Buchanan testified that she was shown this completed will by Mr. Deats in mid-August 1960 in the room of Mr. Deats in the Sandifer home in Manor, Texas, where Mr. Deats had lived since 1959.

Following the death of Mr. Deats, search was made in the places where a will, if he left one, would normally be kept. No will was found.

No effort has been made by anyone to probate a will, lost or otherwise, of Mr. Deats. Appellant did, however, file a proceeding in the Probate Court of Travis County under Art. 75 of the Texas Probate Code against Robert B. Thrasher to require

2. For convenience, we will refer to this instrument as the "will" of Mr. Deats without denoting its validity.

him to produce the will of Mortimer H. Deats.

This proceeding resulted in a judgment of the Probate Court denying the relief sought.

There is no evidence that anyone destroyed a will of Mr. Deats. There is evidence that, if Mr. Deats left a will, an opportunity for its destruction or concealment was open to Mr. Thrasher, Mrs. Maufrais and her son Jack. On the second day after the burial of Mr. Deats, Mrs. Maufrais and her son Jack went to Manor and procured all of Mr. Deats' papers from his room, carried them to Mr. Thrasher's office and inspected them. No will was found.

It is our opinion that the verdict of the jury will not support a judgment for appellant and the trial court properly so held.

■ This suit is, in essence, a suit for damages for the suppression of a will. The case of Wilburn v. Meyer, 329 S.W.2d 228, Kansas City Missouri Court of Appeals, was such a case. The Court there made the following statement which we believe to correctly define the burden cast upon appellant in this suit:

"It was incumbent upon plaintiff to offer substantial proof of at least two facts: (1), that a valid will was executed by deceased; (2), that defendant procured its suppression. Having failed to prove the first, she obviously could not prove the second. Proof of the execution of a valid will was as essential here as is proof of the corpus delicti in a criminal case."

■ The findings of the jury do not support the conclusion, either singly or collectively, that Mortimer H. Deats executed a will in the manner prescribed by law.

■ A written will not wholly in the handwriting of the testator, as is the instrument sought to be proved the will of Mr. Deats, must have been attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in their own handwriting in the presence of the testator according to Art. 8283, R.C.S.1925, which Article was in force in 1953.[3]

The findings of the jury are inadequate to show that Mortimer H. Deats executed a will in the manner prescribed by the law in force at the time of its purported execution. The relevant findings are only that Mr. Deats "signed" the will and that Mr. Thrasher was one of the attesting witnesses to the will. There is no finding that the will was signed by a second witness or that the attestation of the will by Mr. Thrasher was accomplished in the presence of Mr. Deats.

It is not contended that there is undisputed evidence of a conclusive nature that Mr. Deats executed a will in 1953 in conformity with the statutory requirements. We have recited enough of the evidence to demonstrate that this contention could not be successfully made. Without discussing the evidence in its entirety, we point out that there is no evidence that a second witness attested the will in her or his own handwriting.

If appellant had established the execution of a lawful will by Mr. Deats, then we would be confronted with the following rule of law:

"A careful examination of the adjudicated cases on the question, which are few in number, leads us to the conclusion that neither relief at law nor in equity may be obtained on account of the destruction or suppression of a will unless it is made to appear that it is impossible to probate such will in the court having jurisdiction of the probate thereof, or unless the plaintiffs have undertaken to probate such will and

---

**3.** It should be borne in mind that this was not a self-proving will drawn under present Section 59 of the Probate Code.

have failed." McGregor v. McGregor, 201 F.2d 528, U.S.Ct. of Appeals, 10th Cir.

Since, in our opinion, appellant has not proved that Mortimer H. Deats executed a valid will, there is no occasion for us to apply this rule to the case pleaded by appellant.

The judgment of the trial court is affirmed.