Mary A. STUTTS, Appellant,

v.

Florine STOVALL et al., Appellees.

No. 15560.

Court of Civil Appeals of Texas, San Antonio.

Dec. 17, 1975.

Dan McManus, San Antonio, for appellant.

Remy, Schiller & Bayern, San Antonio, for appellees.

PER CURIAM.

Appellant has perfected her appeal from a partial summary judgment granted appellees by the Probate Court of Bexar County. A question is presented as to our jurisdiction to hear this appeal.

Appellant is the widow and an heir of James A. Stutts, deceased. Appellees, Florine Stovall, Beryl Smith, Harold B. Turner, Yvonne Gregory, Anna Grace Spruce and Henry W. Martin, are heirs under the will of deceased which has been admitted to probate. A dispute has arisen over whether appellant was put to an election to take under the will and if so, as to whether she had made such an election. Appellant made a motion for a partial summary judgment whereby she sought a declaration that she was not presented with an election under the will. Appellees subsequently filed their own motion for a partial summary judgment and sought a declaration that appellant had elected not to take under the will.

On October 29, 1975, an order was signed which denied appellant's motion and granted appellees' motion in part. The Probate Court determined that appellant was put to an election either to take under the will or to assert her rights as a widow. The Probate Court held, however, that there was a fact issue as to whether appellant had exercised such election. Appellant appealed from the order which denied her motion for partial summary judgment and granted, in part, appellees' motion for partial summary judgment.

The authority to appeal from an order of the Probate Court is now granted exclusively by § 5(e) of the Texas Probate Code, Tex.Rev.Civ.Stat.Ann., as amended effective June 21, 1975, which provides: "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of (civil) appeals." The 1975 revision of the Probate Court also amended § 28 by deleting a broader right of appeal from the Code.[1] This revision was adopted subsequent to the decision in *Cherry v. Reed*, 512 S.W.2d 705 (Tex.Civ.App., Houston (1st) 1974, writ ref'd n. r. e.). It apparently was passed by the legislature to reconcile the somewhat inconsistent language between § 5 and § 28 of the Code.

It is obvious that the Probate Court's order of October 29, 1975, is not a "final order" as provided in § 5(e) of the Probate Code. The order expressly provides that there is a fact issue remaining as to whether appellant had made an election not to take under the will. Thus the order is an interlocutory order and is not reviewable at this time. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 501 S.W.2d 875 (Tex. 1973); *Hall v. City of Austin*, 450 S.W.2d 836 (Tex.1970).

The appeal is dismissed.

---

1. The following provision was deleted from § 28: "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court shall have the right to appeal therefrom to the district court of the county."