Louis Franklin PERRITTE, Appellant,

v.

Laverne P. BIRDWELL, Appellee.

No. 952.

Court of Civil Appeals of Texas, Tyler.

July 8, 1976.

Rehearing Denied July 29, 1976.

Marion G. Holt, Holt, Tatum & Meehan, Nacogdoches, for appellant.

Thad Floyd, Stripling & Sutton, Nacogdoches, for appellee.

DUNAGAN, Chief Justice.

This is a will contest which was heard in the 145th Judicial District Court of Nacogdoches, Texas. The case arose when competing applications for probate of two wills were filed in the County Court of Nacogdoches County, Texas. On September 10, 1974, Mrs. Clara P. White, the sister of the testator, Lewis F. Perritte, filed an application to probate a will, as a muniment of title, dated July 20, 1967, which purported to be the last will and testament of Lewis F. Perritte. On the same date Mr. Louis Perritte, a nephew of the testator and appellant herein, filed an application for probate of a will dated August 5, 1974, also purporting to be the last will and testament of Lewis F. Perritte. This will, hereafter referred to as the second will, did not contain a self-proving clause. On September 16, 1974, Mr. Louis Perritte filed a contest of the will dated July 20, 1967, contending therein that said will was revoked by the second will dated August 5, 1974. Subsequently the two competing applications were transferred to the 145th Judicial District Court by agreement of the parties. Upon motion of Mrs. Clara P. White, the two cases were consolidated by said Court. Mrs. Clara P. White died before the trial of the case leaving Laverne P. Birdwell, a daughter, as her sole heir and the executrix of her estate.

Thereafter, Laverne P. Birdwell filed a second amended petition for probate of will whereby she brought forward the original application to probate the will dated July 20, 1967, and whereby she asked to have herself appointed administratrix with the will annexed of the estate of Lewis F. Perritte. Said second amended petition also contained a contest of the second will.

The case was tried to a jury. After both parties had presented their evidence, the appellee, Laverne P. Birdwell, presented her motion for instructed verdict. After considering same, the Court withdrew the case from the jury and granted judgment in favor of Mrs. Birdwell. In the judgment the Court found that the will dated July 20, 1967, the first will, was in all things valid and admitted the same as the last will and testament of Lewis F. Perritte, deceased. The Court further found that Laverne P. Birdwell was in every manner qualified and thus appointed her administratrix with will annexed of the estate of Lewis F. Perritte, deceased. Finally, the Trial Court found in its judgment that the tendered proof of the second will did not meet the statutory requirements of a valid will, and thus held that said will should not be permitted to probate for any reason and should be held for naught. It is from this judgment that the appellant, Louis Perritte, brings this appeal.

Appellant by his sole point of error asserts that the "trial court" erred "in granting the appellee's motion for directed verdict."

■ Since the cause of action was withdrawn from the consideration of the jury, under the well established rule we must view the evidence in the light most favorable to the losing party, and must indulge against the Court's action every inference that may properly be drawn from the evidence. *Kingsley v. Western Natural Gas Company*, 393 S.W.2d 345, 351 (Tex.Civ. App.—Houston 1965, writ ref'd n. r. e.); *Triangle Motors of Dallas v. Richmond*, 152 Tex. 354, 258 S.W.2d 60 (1953); *Jones v. Nafco Oil & Gas, Inc.*, 380 S.W.2d 570, 574 (Tex.1964).

Texas Probate Code Ann., sec. 59, in part, requires "Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, *and shall, if not wholly in the handwriting of the testator, be attested by two (2) or more credible witnesses above the age of fourteen (14) years who shall subscribe their names thereto in their own handwriting in the presence of the testator.* * * * "
(Emphasis ours.)

■ The instrument of August 5, 1974, was not handwritten. Therefore, in order to be proved as the will of Lewis F. Perritte, it must have been attested by two or

more credible witnesses above the age of 14 years, subscribing their names thereto in their own handwriting in the presence of the testator. Not having been attested by two or more credible witnesses in the presence of the testator, the second will is not valid. *In re Estate of Pettengill*, 508 S.W.2d 463, 465 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Buchanan v. Thrasher*, 387 S.W.2d 950 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.) and sec. 59, Texas Probate Code Ann. There is evidence that Pamela Smith did sign the instrument as a witness in her own handwriting and in the presence of the testator; however, there is no credible evidence whatsoever that the other alleged witness, Mr. Bill McCray, Jr., ever signed the instrument in the presence of the testator as required. Mrs. Pamela Smith testified that she was present and saw the testator, Lewis F. Perritte, sign the second will but that Mr. McCray was not present and did not witness Mr. Perritte's signature. Mr. McCray did not testify. We do not find any credible evidence that two witnesses subscribed or attested to the second will of Lewis F. Perritte, dated August 5, 1974, in the presence of the testator as required by Texas Probate Code Ann., sec. 59.

Since the second will was not wholly in the handwriting of the testator and in the absence of any competent evidence that said will was subscribed to or attested by two witnesses in the presence of the testator, it has not been shown that the will in question was executed in the manner prescribed by law. Since the second will was not properly witnessed, it cannot be effective as a valid will. *In re Estate of Pettengill*, supra; *Buchanan v. Thrasher*, supra.

For the reasons above stated, the judgment of the trial court is affirmed.