DUNIVAN v. ATCHISON et al.

No. 12643.

Court of Civil Appeals of Texas.

Galveston.

March 11, 1954.

Rehearing Denied April 29, 1954.

Harold F. Thurow, M. Gabriel Nahas, Jr., and James Royall, Houston, for appellant.

Bates & Riggs and T. H. Riggs, Houston, for appellees.

GRAVES, Justice.

The appellant in this cause thus, in her brief in this Court, described the subject matter of the suit:

"The property involved in this suit consists of six contiguous lots on North Shepherd Drive in the City of Houston: Lots 1117–1122 of Heights Annex Addition to the City of Houston. The improvements on the property consist of a corrugated iron building located on Lots 1117 and 1118 occupied by a glass company, a night club building located on lots 1119 and 1120, a residence and a garage apartment located on lots 1121 and 1122. In the course of the trial the first two lots mentioned were referred to by counsel and the parties as the glass company lots, the second two as the club lots and the other two as the residence lots."

She thus further, in substantial substance, described the nature and disposition below of the cause, the few parenthetical interlineations therein having been made by this Court for clarity, to-wit:

"The appellant is the widow, and appellee, Joann Roberts Atchison, the niece of Jerry S. Dunivan, deceased. The widow sued the niece to have set aside a deed made to the niece by Dunivan in his lifetime (to lots 1119 to 1122, inclusive), as having been made in fraud of the widow's community interest in the real estate conveyed, and to have a resulting trust impressed upon other real estate (lots 1117 and 1118, deeded to the niece by other parties), which Dunivan bought with community funds, and title to which he caused to be taken in the name of the niece, with like intent to defraud.

"Other grounds of attack upon the conveyance to the niece, alleged as alternative counts in appellant's petition below, were not submitted upon the trial, appellant having elected to submit her case upon the issues of fraudulent conveyance, and resulting trust only.

"The niece was sued under her maiden name, Joann Roberts. After the suit was filed, she married one Buryll Blair Atchison, and, by amended petition, was made a party defendant under the name of Joann Roberts Atchison. Her husband was also made a party defendant.

"The appellant claims a one-half undivided interest in the property involved only; she concedes that Mrs. Atchison is entitled to the other half, under Dunivan's will."

The case was tried below before a jury, but at the close of the testimony offered by the appellant in her own behalf, and in the closing of her case there, the trial court, upon the motion of the appellees, gave a peremptory instruction to the jury to find their verdict in favor of the appellees, which the jury accordingly did, and thereupon followed the judgment by the court in favor of appellees against the appellant, from which action she prosecutes this appeal.

In substantiation of her contentions in this Court, appellant presents some five

points of error, the first three of which complain of the exclusion of testimony, some written and some verbal, as offered by the appellant, while the remaining two complain of the court's having granted the appellees' motion for directed verdict and of its having overruled the appellant's motion for a new trial.

The record is long and involved, but it unmistakably shows that the trial court, notwithstanding its critized rulings on the exclusion of testimony so complained of, permitted the appellant to fully develop her cause of action as she so classed and declared upon it.

Further, this Court, on the appeal, has carefully considered the protest the appellant has presented here against the action of the trial court but it is unable to perceive reversible error upon any of its rulings.

As her own averments and tendered proof have shown, the appellant based her entire cause of action upon her claim that the last four lots above described, i. e., lots 1119 to 1122, inclusive, which had been so conveyed by her deceased husband, Jerry Dunivan, to the appellee, belonged one-half to her because her deceased husband had bought them with their community funds; whereas, he had bought the remaining two lots also, i. e., Nos. 1117 and 1118.

■ Wherefore, since appellant's action, at base, sounded only in fraud, it was incumbent upon her to at least, through testimony and support thereof, present to the jury material issues of fact supporting such a theory, but this Court has searched this record in vain to find any substantial evidence of such fraud, to the extent that none has been found; it was, therefore, not error for the trial court to so instruct the jury to find against her.

■ Indeed, it is thought the trial court could not have done otherwise than to have found that none of the property involved had been purchased with community funds between the appellant and her husband. Hence, under our authorities no presumption that any of it was community property could have arisen. Cohen v. City of Houston, Tex.Civ.App., 185 S.W.2d 450; Martinez v. Gutierrez, Tex.Com.App., 66 S.W.2d 678; White v. Smyth, Tex.Civ. App., 214 S.W.2d 953; 18 Tex.Law Review, page 224; Bryan v. Aetna Life Insurance Co., 174 Tenn. 602, 130 S.W.2d 85; 5 Wigmore, Evidence, 2d Ed., Sec. 2511, McCormick & Ray, Texas Law of Evidence (1937), Section 37.

■ As indicated, the trial court's rulings on the exclusion of testimony have not been shown to this Court to have been erroneous. Much of it was hearsay, other features of it showed that the property to which it related could not well have been the community property of this appellant and her deceased husband because the overwhelming facts showed that it had been paid for by the appellee herself either in money or services.

Wherefore, no reversible error having been pointed out, it is held that this Court can properly do nothing else than to give its blessing to the order of the trial court directing the verdict in favor of the appellees.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

HAMBLEN, C. J., not sitting.