**Vincent M. WIESER, Appellant,**

v.

**W. O. MANNING et al., Appellees.**

**No. 5067.**

Court of Civil Appeals of Texas, Waco.

Sept. 16, 1971.

Hammett, Hammett & Cavness, Lampasas, for appellant.

Andrew Campbell, Hamilton, C. O. McMillan, Stephenville, for appellee.

OPINION

JAMES, Justice.

Appellant Wieser on August 31, 1971 filed a motion requesting this court to issue a temporary injunction. This motion grows out of our Cause No. 5026, styled under the same name as above, in which this court issued an opinion July 30, 1971, 469 S.W.2d 805, reversing and remanding the trial court's refusal to issue a temporary injunction. Motion for rehearing was overruled August 12, 1971. Reference is here made to said opinion for the background and our disposition thereof. Suffice it to say that in the trial court in Cause No. 5026 Appellant Wieser brought this suit against Appellees Manning, Golightly and Joseph for specific performance of an alleged written contract in which appellees Manning and Golightly agreed to

sell their stock in Perry National Bank to appellant. Appellant alleged the contract, and then alleged appellees Manning and Golightly were selling their stock to appellee Joseph in violation of the contract; and prayed for a temporary injunction against appellees selling, conveying, transferring or delivering such stock in violation of said contract, pending final trial on the merits.

The trial court after hearing denied temporary injunction. Upon appeal having been taken from such ruling of the trial court, we reversed and remanded the cause, with instruction to the trial court to grant the temporary injunction upon execution by appellant of an injunction bond in an amount to be set by the trial court.

Appellant Wieser's Motion filed herein on August 31, 1971 alleges that the trial court has failed to issue a temporary injunction and moves this court to issue a temporary injunction along the same lines as he prayed for in the trial court, and which we have heretofore adjudged to be proper. His contention is that it is to prevent irreparable harm, to maintain the status quo of the parties, to preserve the corpus of the subject matter of the litigation, and to protect the jurisdiction of this court. To support the authority of this court to issue such temporary injunction, appellant cites Article 5, Section 6 of the Texas Constitution, Vernon's Ann.St., Article 1823 of Vernon's Annotated Texas Civil Statutes, and Rules 385 and 434, Texas Rules of Civil Procedure.

■ Where the jurisdiction of the Court of Civil Appeals has been invoked, that court has power to issue all writs necessary to enforce and protect its jurisdiction. Ex parte Duncan (1936) 127 Tex. 507, 95 S.W.2d 675; City of Dallas v. Dixon (1963) 365 S.W.2d 919. Likewise, the power exists to preserve the subject matter of the ligitation in order to make its decrees effective. Dawson v. First National Bank of Troup (Tex.Civ.App. Tyler 1967) 417 S.W.2d 652, no writ history.

■ However, in our case at hand, Appellees Manning, et al. did on September 1, 1971 file an application for writ of error in Cause No. 5026 (in which our opinion hereinabove referred to was issued), the filing of which caused the jurisdiction of the Supreme Court to immediately attach, and therefore this court (Court of Civil Appeals) is without authority to make any order in this cause. Johnson v. Sovereign Camp, W. O. W. (1935), 125 Tex. 329, 83 S.W.2d 605; Ammex Warehouse Co. v. Archer (Tex.Sup.Ct.1964), 381 S.W.2d 478 at page 482.

Finding a lack of jurisdiction on our part to act upon appellant's motion, it is hereby dismissed.

Motion dismissed.