Norma SPILLER, Relator,

v.

Charles SHERRILL, District Judge, et al., Respondents.

No. 15390.

Court of Civil Appeals of Texas, San Antonio.

Dec. 31, 1974.

Rehearing Denied Jan. 29, 1975.

Cox, Smith, Smith, Hale & Guenther, Inc., San Antonio, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for relator.

Lee & Lee, Mason, for respondents.

KLINGEMAN, Justice.

This is an original proceeding for a writ of prohibition.[1] On October 31, 1974, this Court granted a motion for leave to file a petition by Norma Spiller, relator, for a writ of prohibition against Hon. Charles Sherrill, District Judge, and Hugh M. Spiller, respondents, and on such date we entered an order and judgment conditionally granting the writ of prohibition sought by relator. Such proceedings were filed in this Court to protect relator in her continued exclusive use and occupancy of a tract of 999.4 acres of land which is described in and is the subject of an Order Dissolving Interlocutory Trust and Lease dated March 11, 1974.

The herein proceedings arose out of a divorce proceeding styled "In the Matter of the Marriage of Norma Spiller, Petitioner, and Hugh M. Spiller, Respondent," in Cause No. 2363, in the 216th Judicial District Court of Kimble County, Texas, on which an appeal has been perfected and is pending in this Court. In such divorce proceedings, Luretha S. Damon was also defendant.

It appears from the record before us that on the 17th day of February, 1972, the trial court entered an order and judgment entitled "Decree of Divorce and Agreed Interlocutory Order." This judgment is quite lengthy, covering many things, including the dissolution of the marriage between petitioner and respondent, partition and division of various properties, and other matters. With regard to the 999.4 acre tract here involved, a trust is imposed thereon with M. C. Blackburn as trustee. The order further provides that upon removal of respondent Hugh M. Spiller's livestock from such tract, said premises shall thereafter be operated by Norma Spiller, who shall be entitled to the exclusive use and possession thereof pending the entry of a judgment in the proceeding which disposes of all issues and which becomes final, with an allowance to Norma Spiller, at her option, of an additional 120 days exclusive use of such premises from the date any such judgment does become final in order for Norma Spiller to orderly market such livestock that may be necessary; and that during such period of exclusive occupancy, Norma Spiller shall pay Hugh M. Spiller the sum of $250.00 per month. This order is not only signed by the presiding judge but is approved and agreed to in writing by Norma Spiller and her attorney and by Hugh M. Spiller and his attorney and contains acknowledgments of Norma Spiller and Hugh M. Spiller.

On March 11, 1974, the trial court entered an order designated, "Order Dissolving Interlocutory Trust and Lease," in which order the trial court finds the 999.4 acre tract to be the separate property of Hugh M. Spiller; the trust is dissolved; and Norma Spiller is ordered and directed to remove all livestock from said tract and

1. See Article 1823, Vernon's Tex.Rev.Civ.Stat.Ann. (1964), and Rule 383, Texas Rules of Civil Procedure (1967).

deliver possession of said land and premises to respondent not later than 12:00 noon on April 15, 1974.

On March 12, 1974, the trial court entered its decree entitled "Final Judgment" which, among other things, makes extensive findings as to the status of various properties; decrees that relator take nothing by her suit against Luretha Damon, and take nothing by her action for damages against respondent; makes an extensive partition and division of properties, and further provides that all relief not specifically granted to either party is specifically denied. This judgment contains a notice of appeal by both petitioner and respondents to this Court.

Relator thereafter filed a motion to set aside the Final Judgment and Order Dissolving Interlocutory Trust and Lease, and to grant a new trial in which it complains of many things.[2] Such motion was overruled by the trial court, to which judgment, ruling and order the petitioner excepted and gave notice of appeal to this Court. The petitioner, thereafter, timely filed an appeal bond and subsequently filed a supersedeas bond in the amount set by the Court.

Respondent subsequently filed a motion to require delivery of the 999.4 acre tract by relator to respondent and asked that the court enter its order directing the sheriff or other proper officer to eject the petitioner from such lands and place respondent in actual physical possession of same. The court, by letter to the various attorneys, stated that he felt that he had no other alternative except to grant respondents' motion. Petitioner, thereafter, filed in this Court a motion for leave to file petition for writ of prohibition, which was granted as hereinbefore set forth.

In support of her petition for writ of prohibition, relator asserts three points. (1) Relator is entitled to the continued exclusive use and occupancy of the 999.4 acres of land in question pursuant to the written agreement made between relator and respondent and entered as an agreed order of the court under date of February 17, 1972. (2) Relator is entitled to the continued exclusive use of the 999.4 acres of land in question because the Court's Order Dissolving Interlocutory Trust and Lease dated March 11, 1974, has been properly superseded. (3) Relator's continued exclusive use and occupancy of the property in question is the proper subject of protection by this Court ancillary to her appeal and in the furtherance of the protection by this Court of its jurisdiction.

Respondent urges that the order of February 17, 1972, (Decree of Divorce and Agreed Interlocutory Trust and Lease) was not an agreed order within the meaning of the law; that it was an interlocutory order over which the trial court retained control until a final judgment had been entered; that interlocutory orders, except where provided by statute, are not appealable, and, in any event, relator had not properly perfected her appeal; and that relator has failed to show any threat to the jurisdiction of this Court, or that the trial court had acted or for threatening to act in excess of its own jurisdiction.

We will discuss the various contentions urged by relator and respondent.

## QUESTION OF OUR JURISDICTION

■ (a) Our power to issue extraordinary writs is derived from Article 1823, Tex.Rev.Civ.Stat.Ann. (1964). Where the jurisdiction of the Court of Civil Appeals

2. In this motion relator complains of many errors of the trial court pertaining to the Final Judgment and Order Dissolving Interlocutory Trust and Lease, including, among other things, such matters as relator's claim as to a fraudulent conspiracy by respondents and defendant Damon to deprive relator of money, property and property rights; wrongful dissipation of community monies; holdings pertaining to separate and community property and enhancement of respondents' separate property by reason of the expenditure of community monies; and many alleged errors pertaining to the Order Dissolving Interlocutory Trust and Lease.

has been invoked, that Court has power to issue all writs necessary to enforce and protect its jurisdiction and to preserve the subject-matter of the litigation in order to make its decrees effective. Wieser v. Manning, 471 S.W.2d 154 (Tex.—Waco 1971, no writ); Dawson v. First National Bank of Troup, 417 S.W.2d 652 (Tex.Civ. App.—Tyler 1967, no writ); Lee v. Lee, 355 S.W.2d 255 (Tex.Civ.App.—Houston 1962, mandamus overruled); Madison v. Martinez, 42 S.W.2d 84 (Tex.Civ.App.— Dallas 1931, writ ref'd); Rule 1823, Tex. Rev.Civ.Stat.Ann. (1964). Relator has timely filed a notice of appeal and has timely filed an appeal bond in the divorce proceeding to which this original proceeding is ancillary and such appeal is now pending in this Court.

■ (b) Respondent contends that the decree and order dated February 17, 1972, was not a final judgment but was interlocutory in nature and that it is not the proper subject of an appeal to this Court. Relator in the original proceeding now before us is not complaining of the order of February 17, 1972, but is complaining of the order of March 11, 1974, which dissolves the agreed order and lease agreement of February 17, 1972. Relator, in the proceeding herein, is asking this Court to protect relator's exclusive use and occupancy of the 999.4 acre tract provided for in the order of February 17, 1972. Moreover, there is now a final judgment in said divorce decree which was entered on March 12, 1974. There is now pending before this Court an appeal from such final judgment.[3] Relator timely gave notice and timely filed her appeal bond in said cause. An examination of the appeal bond shows that relator took an appeal from the final judgment entered in said cause dated March 12, 1974, and the Order Dissolving

Interlocutory Trust and Lease dated March 11, 1974.

The question of what is a final judgment has been a recurring problem in this State. An excellent discussion of interlocutory and final judgments is found in North East Independent School District v. Aldridge, supra, wherein the Court said:

"There are a great number of decisions by Courts of Civil Appeals and by the Commissions of Appeals dealing with finality of judgments in various fact situations. It would serve no good purpose to review them here. Analysis of the decisions we have discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation; but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants. Of course, the problem can be eliminated

3. Texas Courts have steadfastly adhered to the rule, with certain statutory exceptions, that an appeal may be prosecuted only from a final judgment. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966); Laurie v. Stabel, 482 S.W.2d 652 (Tex.Civ.App.—Amarillo 1972, no writ); Stalco, Inc. v. Zero Refrigerated Lines, Inc., 390 S.W.2d 476 (Tex.Civ.App.—San Antonio 1965, writ ref'd); Knox v. Long, 228 S.W. 2d 367 (Tex.Civ.App.—Texarkana 1950, writ ref'd).

entirely by a careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple statement that all relief not expressly granted is denied." 400 S.W.2d 893 at 897

■ An examination of the judgment of the trial court dated March 12, 1974, shows that it is a final judgment. Such judgment grants and denies various claims and reliefs and further contains the language suggested by the Supreme Court, to wit: "All relief not specifically granted to either party herein is hereby specifically denied." Relator has perfected an appeal from this final judgment and such appeal is pending in this Court. Such final judgment disposes of all matters not previously disposed of and there remains no interlocutory orders.

■ (c) Respondent further contends that when the trial court entered its order dissolving the trust and lease, the order creating the trust and lease dated February 17, 1972, was interlocutory in nature and that the trial court had full power to change and dissolve such order. This contention ignores the fact that the judgment and order of February 17, 1972, was an agreed judgment.[4] It is to be remembered that the agreed order, with regard to the 999.4 acre tract, specifically provides that ". . . such premises shall thereafter be operated by Petitioner, NORMA SPILLER, and who shall be entitled to the exclusive use and possession thereof pending the *entry of a Judgment* in this proceeding which disposes of all issues and *which becomes final*, . . . ." (Emphasis ours).

There are other contractual provisions in said agreed order, many pertaining to property rights of the parties. The effect of the trial court's order of March 11, 1974, was to dissolve contractual rights in relation to the real property here involved which had been agreed upon between relator and respondents and reduced to the agreed judgment and order dated February 17, 1972.

## EFFECT OF FILING THE SUPERSEDEAS BOND

We last consider the effect of the filing of the supersedeas bond. After relator had timely given notice of appeal and timely filed her appeal bond, relator subsequently filed a supersedeas bond in the amount set by the trial judge. Said supersedeas bond, insofar as we are here concerned, is limited to the 999.4 acre tract and specifically the portion of the judgment and order of the trial court providing for the recovery of title and possession of said 999.4 acre tract by respondent. Relator urges that after supersedeas the trial court had no authority to issue any orders or do any act nullifying or attempting to nullify the rights of a party which have been obtained by the filing and approval of a supersedeas bond.

Rule 368, Tex.R.Civ.P. (1967), provides that upon the filing of a proper supersedeas bond, execution of the judgment or such portion thereof as has been superseded shall be stayed.

■ A comprehensive discussion of the effect of the filing of a supersedeas bond

4. While respondent makes some contention that the judgment and order dated February 17, 1972, is not an agreed judgment and order, careful examination thereof shows: (a) it is recited that it is an agreed order; (b) the judgment recites that the parties had announced to the court that they had been able to enter into an agreement; that the court had made findings of fact and conclusions of law to which the parties had agreed and which are thereafter set forth; that the court had expressly approved the agreement as announced to the court by the parties and caused the same to be reduced to writing and incorporated in the divorce decree and agreed order and lease; (c) said order specifically provided that it shall be binding upon petitioner and respondent and that the parties had assented and agreed thereto; (d) the judgment not only contains the signature of the presiding judge, but is signed, approved and agreed to in writing by Norma Spiller and her attorney and by Hugh M. Spiller and his attorney and contains the acknowledgment of both Norma Spiller and Hugh M. Spiller.

is found in the case of Railroad Commission of Texas v. Roberts, 332 S.W.2d 745 (Tex.Civ.App.—Austin 1960, no writ). In that case a final judgment was rendered against the Railroad Commission granting the plaintiff a permanent injunction setting aside and holding invalid an order of the Railroad Commission merging two gas fields. The Railroad Commission thereafter excepted to such judgment and gave notice of appeal to the Court of Civil Appeals and filed a supersedeas bond. The trial court thereafter issued a temporary restraining order preventing the Commission from attempting to enforce its merger. The Court of Civil Appeals held that the trial court exceeded his authority in issuing the temporary restraining order, and granted a writ of prohibition sought by the Railroad Commission. In discussing the need to protect the relator's property rights and its jurisdiction, the court said in part as follows: " ' "If appellate courts could not enforce jurisdiction in this way, the right given a litigant to suspend a judgment of a trial court by appeal and the filing of a supersedeas bond would have no protection, and the final decision of the appellate court would often be merely the decision of an abstract question, the subject-matter or substance of the appeal having been practically destroyed by the execution of the judgment of the lower court pending the appeal." ' " See also Waters-Pierce Oil Company v. State, 107 Tex. 1, 106 S.W. 326, 330 (1907); Cisco Independent School District v. Dudley, 53 S.W.2d 639 (Tex.Civ.App.—Eastland 1932, no writ).[5]

■ For the reasons and under the authorities hereinbefore set forth, we have concluded that a writ of prohibition should be granted. Respondents are hereby prohibited from proceeding with the execution or entry of orders in Cause No. 2363, styled "In the Matter of the Marriage of Norma Spiller, Petitioner, and Hugh M. Spiller, Respondent," in the 216th Judicial District Court of Kimble County, Texas, in relation to the use and occupancy of the 999.4 acre tract hereinbefore identified and described, and from participating in any proceeding in said cause the purpose of which is to require delivery of said 999.4 acre tract by relator Norma Spiller to respondent Hugh M. Spiller, pending the further order of this Court.

We have no doubt that respondents will abide by this opinion and our judgment herein entered, and, for that reason, the clerk is directed not to issue a formal writ of prohibition for service.

Nothing done hereby or said herein shall be construed as an opinion by us upon the merits of the appeal.

---

5. "There being no question but what the law relative to supersedeas bonds applies in this case, this court has no alternative but to recognize the respondents' rights thereunder, and hold, as we do, that the judgment of the district court has been superseded pending the results of the appeal being prosecuted in an orderly and statutory manner. To hold otherwise would, in effect, be to hold that the judgment below can be enforced during the pendency of this appeal, notwithstanding the respondents or the district committee have fully complied with the law giving them a right to supersede the judgment. The mere statement of the proposition discloses its unsoundness." Cisco Independent School District v. Dudley, 53 S.W.2d 639 at 641.