Norma SPILLER, Appellant,

v.

Hugh M. SPILLER and Luretha S. Damon, Appellees.

No. 902.

Court of Civil Appeals of Texas, Tyler.

Feb. 26, 1976.

Appellant's Motion for Rehearing Overruled April 1, 1976.

Opinion Withdrawn and Another Substituted on April 1, 1976.

Appellant's Second Rehearing Denied April 22, 1976.

Leonard Blaylock, Cox, Smith, Smith, Hale & Guenther, Inc., San Antonio, Richard W. Davis, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellant.

Jack W. Lee, Lee & Lee, Mason, Lynn Nabers, Day & Nabers, Brownwood, for appellees.

DUNAGAN, Chief Justice.

The judgment heretofore entered on February 26, 1976, is set aside and our original opinion is withdrawn. This opinion is substituted therefor.

The appeal of this divorce action basically involves the division of property acquired during the marriage and a claim of fraud upon the community estate.

On December 29, 1970, Norma Spiller (hereinafter referred to as appellant) filed suit for divorce from Hugh M. Spiller (hereinafter referred to as appellee) and for the division of property. A "Decree of Divorce and Agreed Interlocutory Order" was entered on February 17, 1972. The "Agreed Order," *inter alia*, required appellee to convey approximately 1,000 acres in Kimble County to M. C. Blackburn, in trust, to satisfy any judgment which might be entered in favor of appellant. Appellant amended her pleadings to allege that a conspiracy between appellee and Luretha S. Damon (hereinafter referred to as Damon) defrauded the community estate. Trial before a jury commenced on November 5, 1973, and continued until January 1974, when the trial court discharged the jury and rendered a judgment favorable to appellee and Damon. On March 11, 1974, the trial court dissolved the trust imposed on the 1,000 acres in Kimble County. The final judgment, entered on March 12, 1974, found that there was no evidence of a conspiracy and characterized certain properties as belonging to either the community or separate estates of appellant or appellee. The final judgment then ordered that appellant take nothing in her suit against Damon on appellant's allegations of conspiracy and damages resulting therefrom; it divided all property between appellant and appellee. Appellant appealed from the order dissolving the interlocutory trust and the final judgment.

■ An instructed verdict is proper only when the record reflects no evidence of probative force in favor of the losing party. *White v. White*, 141 Tex. 328, 172 S.W.2d 295 (1943). In determining whether a verdict was properly instructed, the appellate court must view the evidence and the reasonable inferences therefrom in the light most favorable to the losing party. *White v. White*, supra.

Appellant contends that the trial court erred in ruling, as a matter of law, that certain real and personal property belonged to the community estate. The disputed property consists of a 320-acre tract, a bank account and an interest in livestock. Appellant argues that there was some evidence of probative force that this property belonged to her separate estate.

■ Although this property was characterized as community property, it was awarded to appellant as her separate property by the final judgment. There is no evidence that this property was awarded to appellant in lieu of other property. Therefore, there is no evidence that the division would have been more favorable to appellant if this property had been designated as her separate property. Any error in finding the property to be community property was rendered harmless by the award of such property to appellant. *Wilkerson v. Wilkerson*, 515 S.W.2d 52, 54 (Tex.Civ.App. —Tyler 1974, n. w. h.). Moreover, at least as to personalty, appellant was not entitled to her separate property as a matter of

right. *Roye v. Roye*, 531 S.W.2d 242, 244 (Tex.Civ.App.—Tyler 1975, n. w. h.); *Zaruba v. Zaruba*, 498 S.W.2d 695, 698 (Tex.Civ. App.—Corpus Christi 1973, writ dism'd). Rather, in the decree of divorce, the trial court is authorized to divide the property in a manner it deems just and right. Tex. Fam.Code Ann. sec. 3.63; *Roye v. Roye*, 404 S.W.2d 92 (Tex.Civ.App.—Tyler 1966, n. w. h.). From the record before us, we cannot say that the division was not just and right. Nor that the court abused its discretionary powers.

■ Appellant also complains of the trial court's finding that her separate property had been enhanced by the expenditure of community funds in the amount of $20,000. Appellant contends that there was some evidence that these expenditures were for improvements which were a gift to her separate estate. Again, this property, although characterized as community property, was awarded to appellant. There is no evidence that this property was awarded to appellant in lieu of other property. Thus, any error in the characterization of these funds or improvements was harmless.

Appellant contends that appellee and Damon entered into an adulterous relationship and a conspiracy to defraud the community estate. There is clearly no evidence of a "conspiracy," i. e. a common purpose, supported by concerted action, to defraud. *See Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.*, 435 S.W.2d 854, 857 (Tex.1968). However, we construe appellant's pleadings and brief as alleging that even in the absence of a "conspiracy," appellee and Damon defrauded the community estate of certain funds and livestock. The relevant allegations are as follows: that appellee bought a house and lot in Forth Smith, Arkansas, in 1955; that appellee moved Damon and her children into the house; that appellee caused the property to be deeded to Damon; that appellee supplied groceries and furniture to Damon and her children until 1960 when he moved them to Brownwood, Texas; that appellee furnished the consideration for a house and lot in Brownwood which was purchased in Da-

mon's name; that appellee purchased stock in Damon's name; that appellee secured a loan to Damon with stock belonging to the community; that appellee rented a 970-acre tract in Brownwood and employed Damon and her children for ranching operations; and that appellee supplied Damon and her children with livestock until this divorce action was filed.

■ We have thoroughly examined those portions of the record which appellant contends contain some evidence of fraud or evidence from which fraud could be reasonably inferred. We find that the record does not support the submission of an issue to the jury regarding fraud upon the community estate. The trial court did not err in instructing a verdict against appellant on this claim. *See Dunivan v. Atchison*, 267 S.W.2d 235, 237 (Tex.Civ.App.—Galveston 1954, writ ref'd n. r. e.). If, however, the trial court believed there was such a fraud, that court presumably considered this fraud in dividing the property. *Cohrs v. Scott*, 161 Tex. 111, 338 S.W.2d 127, 133 (1960).

■ Appellant contends that the trial court erred in refusing her request for findings of fact and conclusions of law. Appellant recognizes that a trial court is not authorized to file such findings and conclusions when it has withdrawn the case from the jury. *Hutchinson v. Texas Aluminum Co.*, 330 S.W.2d 895, 898 (Tex.Civ.App.—Dallas 1959, writ ref'd n. r. e.); *Ditto v. Ditto Investment Co.*, 158 Tex. 104, 309 S.W.2d 219 (1958). Appellant argues that a different rule should apply in divorce and property division suits because, in the absence of such findings as to the title and value of the property divided, it is impossible to analyze the justness and righteousness of the division. However, appellant has not cited, nor have we found, any cases departing from this well-established rule. We are of the opinion that the trial court did not err in refusing to file findings of fact and conclusions of law.

■ Appellant finally asserts that the trial court erred in dissolving the "Agreed Interlocutory Order" of February 17, 1972.

This order was agreed to and signed by appellant, appellee and their respective attorneys. It was held to be a contract between appellant and appellee in *Spiller v. Sherrill*, 518 S.W.2d 268 (Tex.Civ.App.—San Antonio 1975, n. w. h.). The San Antonio Court of Civil Appeals prohibited the execution of the order dissolving that contract pending further orders of the Court of Civil Appeals. *Spiller v. Sherrill*, supra, at 273. We conclude that the order of March 11, 1974, which dissolved the "Agreed Order" and was merged into the final judgment, *Webb v. Jorns*, 488 S.W.2d 407 (Tex.1972); *Buchanan v. Thrasher*, 387 S.W.2d 950 (Tex. Civ.App.—Austin 1965, writ ref'd n. r. e.), was erroneous. *See Vickery v. American Youth Camps, Inc.*, 532 S.W.2d 292 (Tex. 1976). That portion of the judgment is reversed and judgment is here rendered that the terms of this "Agreed Order" be given full force and effect. The judgment in all other respects is affirmed.

Appellant's motion for rehearing is overruled and the judgment of the trial court is reversed and rendered in part and affirmed in part.