In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-473 CV


____________________



KIMBERLY ANN BROWN, Appellant



V.



CHESTER D. BROWN, Appellee






On Appeal from the 1-A District Court


Jasper County, Texas


Trial Cause No. 26847






 MEMORANDUM OPINION 


 The trial court signed a final decree of divorce dissolving the marriage between
appellant Kimberly Ann Brown and appellee Chester D. Brown. Raising four appellate
issues, Kimberly attacks the trial court's division of the Browns' marital estate. 

Background


 Chester and Kimberly were married in 1997 and divorced in 2006. Chester is a
carpenter and has retirement benefits through the carpenters' local union. Kimberly was in
the military when they married and for approximately five years afterwards. Kimberly has
a service-connected disability and receives a Veterans Administration monthly disability
check. 

 In his original petition, Chester sought a disproportionate share of the marital estate. 
He alleged that Kimberly was at fault in the break-up of the marriage and that he, as the
innocent spouse, would have derived benefits from the continuation of the marriage.
Kimberly filed an answer in which she generally denied Chester's allegations. 

 At trial, Chester introduced four exhibits: (1) his sworn inventory containing a listing
of the community estate and debts and a listing of the separate property of each spouse, (2)
a list of the assets he sought to receive, (3) a list of the assets he proposed that Kimberly
receive, and (4) a stipulation of the parties that a qualified appraiser determined the
Kirbyville house's value was $47,950. Kimberly filed three exhibits: (1) a list of community
property, (2) a list of her separate property, and (3) a list of Chester's separate property. 
None of Kimberly's exhibits were sworn. 

 After a bench trial on August 1, 2006, the trial court sent counsel a memorandum
awarding Chester the property listed on his exhibit 2 and assigning him the debts listed on
that exhibit as well. In the same memorandum, the trial court awarded Kimberly the property
listed on Chester's exhibit 3 and assigned her the debts listed on that exhibit. The trial court
also awarded certain items of personal property to Kimberly. 

 On August 18, Kimberly filed an unverified motion for new trial in which she asserted
that facts and circumstances had "materially and substantially changed since the date of the
hearing, including but not limited [to] the willful destruction of community property." The
motion was not supported by any affidavits. 

 On September 20, 2006, the trial court heard Kimberly's motion for new trial. 
Immediately before hearing the motion, however, the record shows that the trial court asked
counsel whether they accepted the form of the proposed decree. Kimberly's counsel raised
two objections. First, counsel claimed that the decree incorrectly designated Chester's
separate property as including two trailer houses rather than one. Second, Kimberly's
counsel objected that the Sears MasterCard debt was not included in Chester's exhibit or in
the court's ruling. (1) The trial court made no ruling on counsel's objections to the decree but
rather proceeded with the hearing on Kimberly's motion for new trial. The parties presented
no evidence or witnesses during the hearing. The trial court signed the decree on September
20, 2006, the day of the hearing, and denied Kimberly's motion for new trial on October 3,
2006. 

. Standard of Review


 The Texas Family Code requires the trial court to divide a marital estate in a manner
the court deems "just and right," having due regard for the rights of the parties. Tex. Fam.
Code Ann. § 7.001 (Vernon 2006). A divorce court generally may exercise broad discretion
in dividing the estate. Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); Ohendalski
v. Ohendalski, 203 S.W.3d 910, 914 (Tex. App.-Beaumont 2006, no pet.). Absent evidence
showing an abuse of discretion, the trial court's division of a marital estate will not be
disturbed on appeal. See Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). A court abuses
its discretion when it acts without reference to any guiding rules or principles, or
alternatively, when its acts are arbitrary or unreasonable. Worford v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990). A "party attacking the property division bears the heavy burden of
showing that the trial court's property division was not just and right." Pletcher v. Goetz, 9
S.W.3d 442, 446 (Tex. App.-Fort Worth 1999, pet. denied) (op. on reh'g). 

 In this case, neither party requested findings of fact. Thus, we imply that the trial
court made all the findings necessary to support its judgment and affirm the judgment if it
can be upheld on any legal theory that finds support in the evidence. Worford, 801 S.W.2d
at 109. When a reporter's record is brought forward on appeal, the trial court's implied
findings may be challenged for legal and factual sufficiency the same as jury findings or a
trial court's findings of fact. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). 

Kimberly's Disability Benefits


 In her first issue, Kimberly contends that the trial court erred in classifying her
military disability benefits as community property. While Kimberly did not list the benefits
in her separate property exhibit introduced at trial, she testified that her disability checks
were separate property, that she received them for bodily injuries, and that the checks did not
"take the place of income." Kimberly did not state, however, the amount of her monthly
check nor did she provide any records or documents related to the benefits. (2) The only
documentary information the trial court had before it was in Chester's inventory, which listed
"Union Retirement" and "Military Retirement" as community property. Chester did not
assign any values to either item. 

 To support her argument, Kimberly relies on Ex parte Johnson in which the Texas
Supreme Court acknowledged that Veterans Administration disability benefits are
non-divisible separate property. See 591 S.W.2d 453 (Tex. 1979). In this case, however, 
the trial court did not divide Kimberly's disability benefits. While the decree did not declare
that the benefits were Kimberly's separate property as it did with certain items of Chester's
separate property, the court did not award any of Kimberly's military benefits to Chester. 
Rather, the court's decree awarded the military benefits to Kimberly as her separate property. 
The decree includes the following language awarding property to Kimberly: "All sums,
whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all
increases thereof, the proceeds therefrom, and any other rights related to or as a result of
Kimberly Brown's retirement benefits, including any military retirement or disability from
past, present, or future employment." 

 In addition, characterization errors that involve the trial court's finding separate
property to be community property are in some cases harmless. See Spiller v. Spiller, 535
S.W.2d 683, 684 (Tex. Civ. App.-Tyler 1976, writ dism'd). For example, the appellant must
show that the property division would have been more favorable had the trial court not
mischaracterized the property in question; and, the appellant fails to do so when she fails to
demonstrate that the trial court awarded the mischaracterized property to her in lieu of other
property. See id. Thus, any error in determining that the property is community property is
rendered harmless by the award of the property to appellant. See id. 

 In this appeal, even if we assume that Kimberly's military benefits were her separate
property, Kimberly fails to demonstrate that the trial court awarded her these in lieu of other
property. See id. Kimberly did not request findings of fact about the trial court's
characterization or valuation of the awarded assets. Kimberly did not otherwise present any
evidence showing that the property division would have been more favorable to her absent
the alleged mischaracterization. See Spiller, 535 S.W.2d at 684. Any error in finding the
property to be community property is harmless because the trial court awarded the disability
benefits to Kimberly. See id. We overrule issue one.

Chester's Retirement
 

 In issue two, Kimberly complains that the trial court erred by not awarding her the 
share of Chester's retirement to which she is entitled under section 7.003 of the Texas Family
Code. (3) Kimberly did not raise this alleged error before the trial court and has waived the
right to complain about the error on appeal. See Tex. R. App. P. 33.1(a); Byrnes v. Byrnes,
19 S.W.3d 556, 561 (Tex. App.-Fort Worth 2000, no pet.). 

 In addition, there is little evidence in the record about Chester's retirement plan. On
direct examination, Chester stated that he had retirement benefits through the carpenters'
local union. On cross-examination, counsel did not ask Chester any questions about his
retirement benefits. The only testimony that Kimberly gave about Chester's retirement
benefits was in response to her attorney's question. Counsel asked Kimberly whether she felt
she should get her statutory share of Chester's carpenter's retirement and she answered "Yes. 
Absolutely." Chester listed his retirement plan as community property in his inventory but
did not assign a value to it. Kimberly did not list Chester's retirement plan in her inventory
of community property. Further, Kimberly did not request findings of fact on the trial court's
valuation of Chester's plan nor did she complain in her motion for new trial about the trial
court's alleged error in awarding the retirement benefits to Chester. 

 "One who complains of the trial court's division of property must be able to
demonstrate from evidence in the record that the division was so unjust and unfair as to
constitute an abuse of discretion." Pletcher, 9 S.W.3d at 446. Thus, even if we were to
consider the issue preserved, the lack of evidence regarding Chester's plan precludes any
determination that the trial court abused its discretion in awarding him the plan. See id. We
overrule issue two.

Debts


 In issue three, Kimberly contends that the trial court erred by requiring her to assume
a community debt that far exceeded any other debt of the estate. Kimberly complains
specifically about debts for her medical expenses and a $6,391.00 debt owed to Sears
MasterCard. 

 Kimberly, however, did not raise her complaint about the medical expense debt with
the trial court and the trial court did not have an opportunity to correct the alleged error.
Thus, Kimberly waived her right to complain about this debt on appeal. See Tex. R. App. P.
33.1(a); Byrnes, 19 S.W.3d at 561.

 Prior to the new trial hearing, Kimberly's counsel informed the trial court that the
Sears MasterCard debt had not been assigned to either party. The trial court's division of a
marital estate need not be equal, and the court may consider various factors, including fault,
in making a division of the community property. See Schlueter, 975 S.W.2d at 588; Murff,
615 S.W.2d at 698-99. Other non-exclusive factors may include "the spouses' capacities and
abilities, benefits which the party not at fault would have derived from continuation of the
marriage, business opportunities, education, relative physical conditions, relative financial
condition and obligations, disparity of ages, size of separate estates, and the nature of the
property." Murff, 615 S.W.2d at 699. 

 Absent findings of fact, Kimberly cannot show what factors the trial court considered
in dividing the property and debts. See Tate v. Tate, 55 S.W.3d 1, 10 (Tex. App.-El Paso
2000, no pet.). Further, Kimberly cannot show whether the court intended to make a nearly-equal division or whether it determined a disproportionate division was justified. See id. 

 Chester specifically pled insupportability as grounds for the divorce, and he also
asked to be awarded a disproportionate share of the estate because of Kimberly's fault in the
break-up of the marriage. The record contains evidence, which the trial court may have
considered, that demonstrates Kimberly was at fault. She admitted she had been hospitalized
for problems with alcohol. She admitted slashing the tires of the truck Chester drove to
work. Chester also testified that Kimberly was arrested after she threatened him with a gun. 

 The trial court may have considered Kimberly's actions and, accordingly, may have
decided against ordering Chester to pay any portion of the credit card debt. In the absence
of fact findings, Kimberly cannot show otherwise, and we cannot conclude that the trial court
abused its discretion. See Worford, 801 S.W.2d at 109. We overrule issue three.



Motion for New Trial


 In issue four, Kimberly contends the trial court erred by denying her motion for new
trial. In her motion, Kimberly asserted that facts and circumstances had materially and
substantially changed since trial and that the changed circumstances included Chester's
willful destruction of community property. At the hearing following trial, Kimberly's
counsel alleged that Chester destroyed or damaged certain community property. According
to counsel, Chester knowingly left the couple's dog, Dexter, in an unsafe environment and
the dog died as a result. (4) Counsel also argued that Chester should be responsible for over
$6,000 in damage to the 2000 Chevrolet truck awarded to Kimberly. Counsel contended the
damage occurred during the time Chester possessed the truck. 

 We will consider Kimberly's new trial motion as requesting that she be allowed to
introduce newly discovered evidence. (5) See Tex. R. Civ. P. 324(b)(1). The purpose of a
motion for new trial is to ask the court to correct trial errors. In re Marriage of Wilburn, 18
S.W.3d 837, 842 (Tex. App.-Tyler 2000, pet. denied). Whether to grant or deny a motion
for new trial is generally a matter left to the broad discretion of the trial court, and the trial
court's action will not be disturbed on appeal absent an abuse of that discretion. Cliff v.
Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987). The test for abuse of discretion is whether
the trial court acted in an arbitrary and unreasonable manner or without reference to any
guiding principles. Worford, 801 S.W.2d at 109. 

 "When a party seeks a new trial based on newly discovered evidence, the motion for
new trial must verify that the evidence is true and correct." Raymond v. Raymond, 190
S.W.3d 77, 82 (Tex. App.-Houston [1st Dist.] 2005, no pet.). "A movant's mere allegations
will not suffice to obtain a new trial on the basis of newly discovered evidence; rather,
admissible evidence must be introduced at a hearing on the motion for new trial establishing
such essential facts as no prior knowledge on the part of the movant, the prior diligence
exercised by the movant and, of course, the nature of the newly discovered evidence." Bell
v. Showa Denko K.K., 899 S.W.2d 749, 757 (Tex. App.-Amarillo 1995, writ denied). 

 Kimberly's motion was not verified. Further, she did not introduce evidence at the
hearing on her motion for new trial. Thus, the trial court did not abuse its discretion in
denying her motion. See Raymond, 190 S.W.3d at 82; Bell, 899 S.W.2d at 757. We overrule
issue four.

 Having overruled all of Kimberly's issues, we affirm the trial court's judgment.

 AFFIRMED.







 ____________________________

 HOLLIS HORTON

 Justice




Submitted on June 13, 2007

Opinion Delivered August 16, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Though Kimberly did not list this debt on her exhibits filed at trial, she testified
that the Sears MasterCard debt was $6,300. When asked what was purchased with the
credit card, Kimberly stated: "It's just piled up over the years." 
2. When opposing counsel asked whether she had any documents to show that the
money she was receiving was for disability and not retirement, she stated that she did not. 
She maintained that records existed to support her separate property claim, but that she did
not have access to the documents because they were in the Kirbyville house. On cross-examination, she agreed that she had not requested the documents through the discovery
process. 
3. Section 7.003 states:


 In a decree of divorce or annulment, the court shall determine the
rights of both spouses in a pension, retirement plan, annuity, individual
retirement account, employee stock option plan, stock option, or other form
of savings, bonus, profit-sharing, or other employer plan or financial plan
of an employee or a participant, regardless of whether the person is
self-employed, in the nature of compensation or savings.


 Tex. Fam. Code Ann. § 7.003 (Vernon 2006).
4. Apparently, Chester left the dog with Kimberly's father, who was known to be
very protective of his livestock. When the dog attacked the father's livestock, he shot the
dog. Counsel contended that Chester deliberately did not restrain Dexter when he left the
dog at the father's property despite knowing that Dexter would probably chase the
livestock, which would cause Kimberly's father to shoot him. 
5. Though the evidence that Kimberly asked the trial court to consider appears to be
post-hearing evidence, it apparently is not post-judgment evidence. Just before the motion
for new trial hearing, the trial court took comments from counsel regarding the form of
the judgment indicating that the court had not yet signed the decree.