Mary Maude DUSSETSCHLEGER et al., Appellants,

v.

Sandra Faye SMITH, Appellee.

No. 1231.

Court of Civil Appeals of Texas, Tyler.

Feb. 8, 1979.

Ralph A. Rash, Kuhn, Collins & Rash, Austin, for appellants.

A. D. Downer, Houston, for appellee.

MOORE, Justice.

This is an appeal from a judgment granting a bill of review under sec. 31, Tex.Prob. Code Ann. (1956). In 1973, plaintiff, Sandra Faye Smith, instituted suit against Mary Maude Dussetschleger and Wanda Jeffries to declare heirship of the estate of Frank Dussetschleger, deceased. She alleged that although she was an illegitimate daughter of the decedent, she was an heir and entitled to share in the decedent's estate. She further alleged that Mary Maude Dussetschleger and Mrs. Wilbur L. Jeffries were also heirs of the decedent.

The heirship proceedings were set for trial on March 3, 1976. When the matter was called for trial, neither the plaintiff nor her attorney appeared. Thereupon, the trial court entered a judgment on March 27, 1976, denying her application to declare heirship.

In January 1978, plaintiff, Sandra Faye Smith, instituted the present suit in the form of a bill of review under V.A.T.S. sec. 31 of the Probate Code seeking to set aside the judgment dated March 27, 1976. After a hearing on the bill of review phase of the case, the trial court announced that the bill of review was granted and that the previous judgment denying plaintiff's application to declare heirship was nullified and set aside. After making this announcement, the trial court then proceeded to hear plaintiff's application to determine heirship. At the conclusion of the trial, the court entered judgment reciting that the bill of review was granted and further recited that the court found that Sandra Faye Smith was the natural daughter of the decedent. The last paragraph of the judgment reads as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that SANDRA FAYE SMITH be judicially declared an heir to the estate of FRANK DUSSETSCHLEGER; that the cause be reinstated for further declaration of heirship for the purposes of establishing collateral kindred for such other purposes as may be necessary for the full determination of all other heirs, if any, to the Estate of FRANK DUSSETSCHLEGER."

█ Although the judgment shows that the trial court nullified the previous default judgment entered on March 27, 1976, and granted the plaintiff a new trial on her original application to declare heirship, the judgment shows that there has never been a final determination of the action to declare heirship. The application to declare heirship shows on its face that there were heirs other than the plaintiff, Sandra Faye Smith. While the judgment recites that the trial court found the plaintiff to be an heir of the decedent, the judgment did not specify the names and places of residence of all the heirs of the decedent nor did it specify their respective shares and interest in the real and personal property of the decedent as required by V.A.T.S. sec. 54 of the Probate Code. The judgment merely recites that the plaintiff's application to declare heirship was reinstated for further determination of all other heirs of the decedent. In view of the fact that the judgment did not dispose of all the parties and issues pursuant to sec. 54 and 55 of the Probate Code, the judgment is interlocutory and does not constitute a final judgment.

"It is settled that a judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court." *Stalco, Inc. v. Zero Refrigerated Lines, Inc.,* 390 S.W.2d 476, 477 (Tex.Civ.App.—San Antonio 1965, writ ref'd); *Rodriguez v. Globe Discount City, Inc.,* 498 S.W.2d 283, 285 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ history).

█ Two trials, one to vacate the judgment by default and another on the merits of the original action, are not permitted, but every issue raised on both phases of the case must be disposed of in one trial unless the trial court orders a separate trial under

the provisions of Rule 174(b), Tex.R.Civ.P.; *Palmer v. D.O.K.K. Benevolent & Ins. Assoc.,* 160 Tex. 513, 334 S.W.2d 149 (1960); *Jones, D/B/A Galveston Lumber Company v. Steele,* 360 S.W.2d 592 (Tex.Civ.App.—Houston 1962, no writ history) citing cases. The record contains no order of severance. Therefore because of the interlocutory character of the judgment, this court is without jurisdiction.

Although our jurisdiction has not been challenged by a point of error, fundamental error is apparent on the face of the record. *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957).

We have no power to entertain an appeal until such time as the judgment disposes of all the parties and issues in the suit to declare heirship.

Accordingly, the appeal is dismissed.