## Gloria MEEK, Administratrix of the Estate of John Francis Meek, Deceased, Appellant,

v.

## Tarzie HART, Guardian of Lance Brandon Meek, a Minor, Appellee.

### No. 7007.

Court of Civil Appeals of Texas, El Paso.

Jan. 14, 1981.

Leonard Howell, Midland, for appellant.

Gerald K. Fugit, Odessa, for appellee.

## OPINION

WARD, Justice.

This is an appeal from an order of the County Court of Midland County, sitting in probate whereby it cancelled a scheduled sale of certain personal property belonging to an administration and which property the probate court had previously ordered sold. We are of the opinion that the order is not an appealable one and dismiss the appeal.

Since the Appellee has filed no brief, we accept as correct the statements made by the Appellant about the facts and record. Rule 419, Tex.R.Civ.P. Gloria Meek as the surviving wife, qualified and is the Administratrix of the Estate of John Francis Meek, which administration now pends in the Midland County Court. The assets of the Estate included a valuable coin and gun collection and an extensive number of watches and pieces of jewelry. The Administratrix determined that it would be beneficial to the estate to sell these items, and after due application was made by the Administratrix to the probate court and after due notice and hearing, the probate court on March 19, 1980, ordered that the said personal items should be sold by the Administratrix, the sale to be held on May 5, 1980. Lance Brandon Meek was the surviving minor son of the deceased by a previous marriage and the child's mother, Tarzie Hart, had qualified and was acting as his legal guardian. The guardian had participated in all of the proceedings regarding the sale of the personal property. On Friday afternoon of May 2nd, Tarzie Hart, alleging that she was acting in her capacity as guardian, filed an application in the administration asking that the sale be postponed until a

hearing could be held because certain of the items intended to be sold were the decedent's separate property and as such "belonged to the minor." The probate court, without notice to the Administratrix or her attorney, thereupon entered an ex parte order cancelling the sale to be held on Monday, May 5th, until further order of the Court, and set a hearing on all matters contained in the motion for May 19th. After learning of the May 2nd order, the attorney for the Estate notified the Court that considerable expenses and effort had been incurred in preparing for the sale and asked that the sale be held. Thereupon, the trial Court agreed that the order of May 2nd was not warranted, and told the attorney to bring in an order rescinding the May 2nd order on Monday morning, May 5th. Said order was prepared and left in the Judge's office on the morning of May 5th, but the Court apparently again had a change of mind and said order of rescission was never signed. Instead, an order was entered on May 5th, 1980, in effect reaffirming the order of May 2nd and again ordering a hearing on May 19th, 1980.

It is from the order of May 2nd purportedly cancelling the sale of May 5th that the Administratrix now appeals, and we are immediately faced with a determination of our jurisdiction to hear the present appeal.

 The authority to appeal from an order of the probate court is now granted exclusively by Section 5(e) of the Texas Probate Code, Vernon's Ann.Tex.St., and it states that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of (civil) appeals." The broader right of appeal was terminated by the 1975 revision of the Probate Code. *Stutts v. Stovall*, 531 S.W.2d 690 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.). An order is appealable if it finally adjudicates some substantial right whereas if it merely leads to a further hearing on the issue, it is interlocutory. Examples of orders which have been held to be appealable or not appealable under both the old and new statutes are discussed in *Carter v. Carter*, 594 S.W.2d 464 (Tex.Civ.

App.—San Antonio 1979, no writ), and in 17 Texas Practice (Woodard and Smith) Probate and Decedents' Estates sec. 104 (1971). Without further discussion, we are of the opinion that the order in question is not appealable since it merely leads to a further hearing on the issue of the sale of the personal property. Whether the entry of the order was correct or not, we have found nothing in the record to indicate that the probate court was without jurisdiction to enter the May 5th order. Under the authorities cited, an order of the probate court setting aside its previous order if done within the time when this is permissible is not appealable. We hold that under the record and the authorities referred to, we have no jurisdiction of this appeal, and the appeal is dismissed.