**ESTATE of Mary McCampbell WRIGHT, Deceased, Appellant.**

**No. 13–83–339–CV.**

Court of Appeals of Texas, Corpus Christi.

June 14, 1984.

Rehearing Denied Aug. 31, 1984.

Richard E. Rudeloff, Charles Manning, Beeville, for appellant.

Robert B. Whitaker, Jones & Whitaker, Victoria, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order of the 156th Judicial District Court of Bee County, Texas, whereby the Court granted appellee's motion to modify a previously granted summary judgment and ruled that appellants were not heirs of Mary McCampbell Wright.

Mary McCampbell Wright died January 26, 1981 intestate, leaving no husband, children, parents or descendants. Her brother and sisters all predeceased her. She owned property at the time of her death and was a resident of Bee County, Texas.

Because of the nature of the proceeding in question, a brief recitation of the relationships of the parties to the decedent is in order. The decedent had one brother and one sister who died leaving descendants. Her sister, Sarah Bridge Richard, died prior to January 26, 1981, and her descendants are three grandchildren: Sue Smith Raaz, Andra Smith Schneider, and Fred Smith, all appellees herein. The decedent's brother, Samuel R. Bridge, died May 2, 1966, leaving three illegitimate sons: Benito Bridge (now deceased, leaving nine children),[1] Willie R. Bridge, Sr., and Albert Bridge, both living. Samuel Bridge had no other natural children or children by adoption. In his will, probated in 1966, Samuel Bridge left the residue of his estate to *"my three sons,* namely, Bennie Bridge, Albert Bridge, and Willie Bridge, share and share alike." Willie Bridge, Albert Bridge and the widow and nine children of Benito Bridge are the appellants herein.

Appellee Sue Smith Raaz applied for and was granted Letters of Administration of the Estate of Mary McCampbell Wright on May 24, 1981, in the County Court of Bee County, Texas, sitting in probate. Thereafter, on August 24, 1981 and August 31, 1981, appellants filed petitions for declaration of heirship, under the same cause number as the pending administration of the Estate, pursuant to TEX.PROB.CODE ANN. sections 48, 49 (Vernon Supp.1984). On contestant's (Sue Smith Raaz) motion, the heirship proceedings were ordered transferred from the County Court of Bee County to the 156th Judicial District Court in Bee County, pursuant to TEX.PROB.

---

1. The following are names of the nine children surviving Benito Bridge: Benito Bridge, Jr.; Minerva Bridge Perez; Mary Bridge Villafranca; Amanda Bridge Arrisola; Guadalupe Bridge Ramira Moya; Robert John Bridge; Edward Arnold Bridge; Melissa Bridge; and Bryan Bridge.

CODE ANN., section 5(b) (Vernon Supp. 1984).

Appellants filed motions for summary judgment on their petitions to declare heirship. Appellants claimed that, as a matter of law, they were entitled to specified interests in the estate of decedent.[2] Appellants' motions were granted. By order of the trial court dated July 31, 1982, a summary judgment was granted in which appellants, in addition to appellees, were declared heirs of Mary McCampbell Wright. No appeal was taken from such order.

Nine months later, on April 13, 1983, appellee Raaz filed a Motion for Rehearing on the summary judgment of July 31, 1982, stating that the judgment findings as to the determination of heirship and distribution of the estate were in error and should be revised. In their responses, among other things, appellants challenged the Court's jurisdiction to "hear, accept or act" upon the Motion for Rehearing, contending that the judgment was final and all applicable statutory time limits had expired. Following a hearing, the trial court determined that the previous summary judgment was not a final judgment and that it was subject to trial court review. One month later, on May 19, 1983, the Court entered an additional order setting aside the judgment of July 31, 1982, and rendered judgment that appellants were not the heirs of Mary McCampbell Wright. The Court changed its original summary judgment and rendered judgment that only appellees were the heirs of Mary McCampbell Wright. Appellants appeal the entry of the last purported judgment excluding them as heirs of the Mary McCampbell Wright Estate.

■ In their first point of error, appellants contend that the trial court erred in setting aside and overturning the Summary Judgment signed on July 31, 1982 by a subsequent order dated May 19, 1983. Appellants contend that the first summary judgment (in which appellants were declared as heirs of the decedent and entitled to share in the ultimate distribution of the estate) was a final, appealable judgment and no longer subject to review by the trial court. We agree.

■ The authority to appeal from an order of the Probate Court is governed exclusively by section 5(e) of the Tex.Prob.Code Ann. (Vernon 1980), which provides: "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of (civil) appeals." A probate order or judgment is final if it finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. *Fischer v. Williams*, 331 S.W.2d 210 (Tex. 1960); *White v. Pope*, 664 S.W.2d 105 (Tex. App.—Corpus Christi 1983, no writ); *Rodeheaver v. Alridge*, 601 S.W.2d 51, 54 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Cherry v. Reed*, 512 S.W.2d 705, 706 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). In other words, an order is appealable if it finally adjudicates some *substantial right*. Whereas, on the other hand, if it merely leads to further hearings on the same issue, it is interlocutory. *Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151 (Tex.App.—Fort Worth 1983, no writ); *Meek v. Hart*, 611 S.W.2d 162, 163 (Tex.Civ.App.—El Paso 1981, no writ); *Parr v. White*, 543 S.W.2d 445, 449 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). A probate order or judgment may be final and appealable even though the decision does not fully and finally dispose of the entire probate proceeding. *Kelley v. Barnhill*, 188 S.W.2d 385 (Tex.1945); *Mossler v. Johnson*, 565 S.W.2d 952 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.).

Whether or not the probate judgment was final and appealable, then, depends upon whether it finally disposed of the issue(s) involved in that particular phase of

---

**2.** Appellants Albert Bridge and Willie Bridge each claimed a one-sixth (⅙) interest in the estate. Each of the remaining nine appellants (children of Benito Bridge), as the great nieces and nephews of decedent, claimed a one-fifty fourth (1/54) interest in the Estate (i.e., ⅑ of ⅙ each).

the probate proceeding. In the case before us, the order granting appellants' summary judgment expressly provided:

4. "In his will, probated in 1966, Sam Bridge left the residue of his estate to '*my three sons,* namely, Bennie Bridge, Albert Bridge, and Willie Bridge, share and share alike.' Such statement, executed before two witnesses of the will, meets the requirements of section 13.24 of the Texas Family Code. *Albert Bridge, Willie Bridge, and the children of Benito Bridge, are, therefore, heirs of Mary McCampbell Wright.*" (Emphasis added.)[3]

The trial court's order further provided for a distribution per stirpes: one-half to the descendants of Sarah Bridge Richard, deceased (appellees), or 1/6 each; one-half to the descendants of Sam Bridge, deceased, or 1/6 to each of the two living sons (appellants Willie Bridge and Albert Bridge), and 1/6 divided equally among the nine descendants of Benito Bridge (appellants), or 1/54 each. *See* Tex.Prob.Code Ann. section 54 (Vernon 1980). The order concluded that "in the due course of administration, said estate shall be distributed to said heirs as aforesaid."

Appellees assert that the case of *Dussetschleger v. Smith,* 577 S.W.2d 771 (Tex.Civ. App.—Tyler 1979, no writ) is controlling. We disagree. In *Dussetschleger,* the Appellate Court dismissed the appeal because the judgment did not dispose of all the parties and issues pursuant to Tex.Prob. Code Ann. sections 54 and 55 (Vernon 1980). The application to declare heirship in *Dussetschleger* showed on its face that there were heirs other than the plaintiff. The judgment itself recited that the plaintiff's application to declare heirship was reinstated for further determination of all heirs of the decedent. Further, the judgment did not specify the names and places of residences of all the heirs of the decedent, nor did it specify their respective

shares and interests in the property of the decedent. In the case before us, it was undisputed that appellees were heirs of the decedent. Appellants' action to declare heirship was brought in consideration of all known heirs of the decedent. We hold that the trial court's original summary judgment constituted a final determination of the question of heirship presented in that particular proceeding.

Next, appellees contend that a consolidation of the heirship determination and the administration occurred when appellants filed their petitions to declare heirship in the same court and under the same cause numbers as the ongoing administration of the Wright Estate. On that basis, appellees contend that, because no severance had been entered as of April 1983 (i.e., the date of appellees' motion for rehearing on summary judgment), and no final disposition of the administration, the judgment was interlocutory and subject to review under the plenary powers of the court. We disagree.

Tex.Prob.Code Ann. section 55(a) (Vernon 1980) specifically provides that a judgment of the court in a proceeding to declare heirship "shall be a final judgment, and may be appealed or reviewed within the same time limits and in the same manner as may other judgments in probate matters. . . ." Thus, there was no requirement of a severance for appeal purposes. Further, the summary judgment proceeding in the case at bar was a separate and independent action, even though it was docketed under the same number as the administration proceedings. Since the trial court's order finally disposed of the issues and parties involved in the summary judgment action, it was "final" for purposes of appeal, even though further action was appropriate in the administration proceedings. *Rodeheaver v. Alridge,* 601 S.W.2d at 54; *Cherry v. Reed,* 512 S.W.2d at 706.

---

**3.** Tex.Fam.Code Ann. section 13.24 (Vernon Supp.1984) provides:

A statement acknowledging paternity or an obligation to support a child which was signed by the father before January 1, 1974, is

valid and binding even though the statement is not executed as provided in Section 13.22 of this code and is not filed with the State Department of Public Welfare or with the court.

The trial court's order declaring appellants as heirs of the decedent and declaring their respective shares and interests in the estate property was conclusive. It adjudicated substantial rights. Once the trial court found that appellants were legally heirs of the decedent for inheritance purposes, the only real controverted issue that affected appellees had been finally adjudicated and disposed of in that particular action. No further hearing on this matter was called for.

It is interesting to note, and in further support of the finality of the trial court's original judgment, we note that the trial court subsequently ordered the sale of personal property to allow the proper and efficient distribution of the property to the heirs as were "determined by Judgment of this Court dated July 31, 1982."

In light of our conclusion that the judgment of July 31, 1982 finally adjudicated and determined the substantial rights of all known heirs of the decedent and disposed of all issues raised in that heirship determination action, we hold that the trial court erred in granting appellees' motion for rehearing and subsequently overturning the judgment. The trial court had plenary power to grant a new trial or to vacate, modify, correct or reform the judgment within thirty days after the judgment was signed; i.e., thirty days from July 31, 1982. Tex.R.Civ.P. 329b(d); *see Meek v. Hart*, 611 S.W.2d at 163. However, no motion for new trial was filed in this case. Therefore, the trial court's plenary powers were not extended as provided by Tex.R.Civ.P. 329b(e). Once the judgment was signed by the trial court on July 31, 1982, the adverse party had thirty days to give notice of appeal. Tex.R.Civ.P. 356(a); *see* Tex.Prob. Code Ann. section 55 (Vernon 1980). That time period had obviously expired and, therefore, the probate order cannot be overturned by this appeal, nor by the trial court at this late date. Appellant's first point of error is sustained.

We hold that the judgment of July 31, 1982, in which appellants were declared heirs of the decedent, Mary McCampbell Wright, and designated their respective shares and interests in the decedent's property, remains the only valid, final judgment of record.

In view of our holding that the judgment is non-appealable, it is not proper for this Court to proceed on the further merits of this appeal. The judgment of the trial court is reversed, and judgment is here rendered setting aside the trial court's order of May 19, 1983.

REVERSED AND RENDERED.