**Dudley GROUNDS, Appellant,**

v.

**Jo Hazel Henderson LETT, Appellee.**

**No. 05–86–00498–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 1, 1986.

Rehearing Denied Oct. 8, 1986.

Lee Shipp, Dallas, for appellant.

James J. Hartnett, Dallas, for appellee.

Before GUITTARD, C.J., and McCRAW and STEWART, JJ.

GUITTARD, Chief Justice.

At issue in this cause is the appealability of three orders of the probate court con-

cerning venue and jurisdiction of the court in an action affecting title to land. We hold that all are interlocutory, and, accordingly, we dismiss the appeal.

Appellee Jo Hazel Henderson Lett sued to set aside conveyances of certain realty by her deceased husband to appellant Dudley Grounds. The action was brought in a probate court of Dallas County where the administration of the decedent's estate was pending. Grounds filed a motion to transfer venue to Coryell County, where the land is located, and also a plea to the jurisdiction of the Dallas County court. He also brought suit against Lett in the district court of Coryell County. Lett moved to transfer the Coryell County suit to the Dallas County probate court. The probate court denied Grounds's motion to transfer and overruled his plea to the jurisdiction and, by a separate order of the same date, granted Lett's motion to transfer the Coryell County suit to Dallas County. Grounds seeks appellate review of these three rulings. Lett has moved to dismiss on the ground that the orders are interlocutory. We agree.

■ The general rule is that orders on motions to transfer venue are interlocutory and not reviewable until final judgment. TEX.CIV.PRAC. & REM.CODE § 15.064 (Vernon 1986); TEX.R.CIV.P. 87(6). Orders overruling pleas to jurisdiction are also interlocutory. *Texas State Board of Examiners in Optometry v. Carp*, 162 Tex. 1, 2–3, 343 S.W.2d 242, 243 (1961). The question, then, is whether any of these orders are appealable in the context of a probate proceeding.

■ We recognize that certain orders of a probate court are appealable without disposing of the entire probate proceeding, such as a denial of an application to probate a will, *Mossler v. Johnson*, 565 S.W.2d 952, 954 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.), and declaration of heirship, TEX.PROB.CODE ANN. § 55(a) (Vernon 1980). *Estate of Wright*, 676 S.W.2d 161, 164 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The distinction is that an order is appealable if it adjudicates

a substantial right as opposed to one leading to further hearings on the issue. *Wright*, 676 S.W.2d at 163. The administration of an estate is often an ongoing proceeding in which the rights of various parties are determined from time to time before a final distribution. *See Bergeron v. Session*, 554 S.W.2d 771, 774–75 (Tex. Civ.App.—Dallas 1977, no writ), (receivership analogous to estate administration in having appealable orders before complete disposition).

■ In the instant case, the probate court denied a motion to transfer venue, overruled a plea to jurisdiction, and granted a motion to transfer a case pending in another county. None of these orders affect the substantial rights of any party; certainly, further hearings are necessary before the actual adjudication of the disputed title in this case. Consequently, we hold that no final, appealable order is shown by this record.

Grounds contends that, since this suit concerns primarily the title to land, the forum is governed by section 15.011 of the Texas Civil Practice and Remedies Code, which makes venue for actions to try title to land mandatory in the county where the land is located. Lett insists that the suit is incident to the administration of the decedent's estate within article 5A of the Texas Probate Code. This question goes to the merits of the probate court's orders; it does not affect the question of appealability. Therefore, we decline to consider it.

For the reasons stated, appellee's motion to dismiss is granted and the appeal is dismissed.