In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00055-CR


______________________________




ERIC GRIFFIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 99F0096-202




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 Eric Griffin appeals his jury conviction and assessment of seventeen years'
confinement for aggravated robbery. In a single point of error, Griffin complains the trial
court erred in failing to grant his motion for directed verdict. Griffin contends the evidence
is insufficient to corroborate the accomplice witness testimony.

 The jury convicted Griffin of the December 17, 1998, aggravated robbery of a
cashier at a truck stop in De Kalb. DeCarlos Giddens, the person who exhibited the
weapon and took the money, and Teresa Luke, who drove the car, testified against Griffin. 
Giddens and Luke both pled guilty to the robbery. They testified that they discussed the
robbery in Griffin's presence beforehand and that Griffin provided the gun used by
Giddens. They further testified that Griffin and Luke remained in the car while Giddens
went into the truck stop to commit the robbery. Griffin contends that, without the testimony
of these accomplices, the evidence is legally insufficient to support the conviction against
him and the trial court therefore erred in denying his motion for directed verdict.

 A challenge to the trial court's denial of a motion for directed verdict is a challenge
to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim.
App. 1996). In reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict and decide whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. See Wilson v.
State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999) (citing Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979)). We accord great deference "to the
responsibility of the trier of fact [to fairly] resolve conflicts in the testimony, to weigh the 
evidence, and to draw reasonable inferences from basic facts to ultimate facts." Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (quoting Jackson, 443 U.S. at 319). 
We presume that any conflicting inferences from the evidence were resolved by the jury
in favor of the prosecution, and we defer to that resolution. Id. at n.13 (citing Jackson, 443
U.S. at 326). In our review, we determine only whether "any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt." King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000) (citing Jackson, 443 U.S. at 319). 

 Under the accomplice witness rule, "A conviction cannot be had upon the testimony
of an accomplice unless corroborated by other evidence tending to connect the defendant
with the offense committed; and the corroboration is not sufficient if it merely shows the
commission of the offense." Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). The
jury charge in this case included a definition of accomplice, stated Giddens and Luke were
accomplice witnesses, and spelled out the accomplice witness rule. 

 Article 38.14 provides that a conviction cannot stand on accomplice witness
testimony unless there is other evidence tending to connect the defendant to the offense. 
Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). The nonaccomplice
evidence need not be sufficient, in itself, to support a conviction, and the accomplice
witness rule is not governed by federal or state constitutional standards. Vasquez v. State,
67 S.W.3d 229, 236 (Tex. Crim. App. 2002). 

 In this case, the State introduced into evidence the voluntary statement made by
Griffin to the police concerning this offense. Griffin's statement contained the following
admissions:

 (1) that he "rode around" with Giddens and Luke before the robbery, during which
time Giddens talked about wanting to commit a robbery at the truck stop. 


 (2) that Giddens obtained a toboggan at Griffin's house that Giddens used in
committing the robbery. 


 (3) that he furnished the jacket Giddens wore when Giddens committed the robbery.


 (4) that, while he was waiting in the car with Luke, he saw Giddens run out of the
truck stop with a gun in his hand. 


 (5) that, after leaving the truck stop with Luke and Giddens, he and Giddens later
got in the car with Tracie Jones, who took them to the home of James Giddens,
where they spent the night. 


 (6) that, on the morning after the robbery, he burned the toboggan and jacket that
Giddens had used in the robbery.


 The requirements of the accomplice witness rule were satisfied. This
nonaccomplice evidence introduced by the State tends to connect Griffin to the offense. 
Although the evidence clearly shows Griffin was not the one who actually exhibited the
weapon and took the money from the cashier, the law of parties is applicable and the jury
was so instructed. Under the law of parties, a person is criminally responsible for an
offense committed by the conduct of another if, acting with intent to promote or assist the
commission of the offense, the person solicits, encourages, directs, aids, or attempts to aid
another person to commit the offense. Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 1994). 
In order to prevail against an accused as criminally responsible for the conduct of another
who committed aggravated robbery, the state must prove the accused harbored a specific
intent to promote or assist in the commission of the aggravated robbery. Pesina v. State,
949 S.W.2d 374, 382 (Tex. App.-San Antonio 1997, no pet.). 

 The state must show more than mere presence to establish participation in a
criminal offense. Valdez v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. [Panel Op.] 1981)
(op. on reh'g). Mere presence or even knowledge of an offense does not make one a party
to the offense. Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982); Acy v. State,
618 S.W.2d 362, 365 (Tex. Crim. App. [Panel Op.] 1981); see Monroe v. State, 47 Tex.
Crim. 59, 81 S.W. 726, 727 (1904) (holding mere fact defendant who was present but did
not participate or aid in homicide, concealed the offense for a time or failed to report the
killing, did not make him guilty of any offense). 

 In determining whether the accused participated as a party, the court may look to
events occurring before, during, and after the commission of the offense, and may rely on
actions of the defendant which show an understanding and common design to do the
prohibited act. Beier v. State, 687 S.W.2d 2, 4 (Tex. Crim. App. 1985); Medellin v. State,
617 S.W.2d 229, 231 (Tex. Crim. App. [Panel Op.] 1981); Ex parte Prior, 540 S.W.2d 723,
727 (Tex. Crim. App. 1976). Circumstantial evidence may be used to prove one is a party
to an offense. Wygal v. State, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977). 

 In this case, the nonaccomplice evidence shows more than mere presence or
knowledge of the commission of the crime. The nonaccomplice evidence shows that,
before the aggravated robbery, Griffin knew of Giddens' plan to rob the truck stop and that
Giddens used Griffin's black toboggan with the eyes cut out and his jacket, both obtained
with Griffin's knowledge and consent shortly before the robbery and after Griffin knew of
Giddens' intent to rob the truck stop. Griffin's voluntary statement shows that, after the
commission of the robbery, he spent the rest of the evening with Giddens and that, on the
following morning, he burned his toboggan and jacket. This evidence is sufficient to
corroborate the accomplice witness testimony and allow the finder of fact to consider the
accomplice witness testimony. 

 Because we find the accomplice witness testimony adequately corroborated, we
overrule Griffin's sole point of error and affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: May 20, 2002

Date Decided: June 12, 2002


Do Not Publish



0;           In accordance with Crowson, Ballard suggests we focus on whether the order is severable
in determining whether it is sufficiently final to allow the appeal to continue. Attempting to support
his argument, appellant makes every effort to distinguish the Murphy opinion cited above. In that
case, the Fort Worth court applied the standard set out above and concluded that the transfer of a
guardianship under the Texas Probate Code was not appealable because it did not dispose of any
parties or issues in any particular phase of the guardianship, but "just changed the venue in which
those issues and parties will be decided." Murphy, 1 S.W.3d at 172.
            Appellant correctly points out that the Fort Worth court relied in part on the general
prohibition against appealing venue rulings in reaching its decision. That court, however, also relied
on two prior decisions, Forlano v. Joyner, 906 S.W.2d 118 (Tex. App.—Houston [1st Dist.] 1995,
no writ); and Grounds v. Lett, 718 S.W.2d 38 (Tex. App.—Dallas 1986, no writ). In both of those
cases, the courts were asked to review rulings on motions to transfer venue.


 In both, the appeals
were held improper.
            The appellate court in Forlano, finding no express statute and holding the order not
appealable, noted that the transferred proceeding was part of a lawsuit for breach of contract—not
the guardianship itself—and that there were issues not disposed of by the transfer. The court added
that such a transfer order could never by itself be appealable because, unlike the partial summary
judgment order in Crowson, a transfer order could not be subject, by its nature, to an order of
severance. By definition, an order that does not resolve a "claim" at all cannot be severed from the
main action. Forlano, 906 S.W.2d at 120.
            In Grounds, the Dallas court reviewed three orders of a probate court concerning venue and
jurisdiction of the probate court in an action affecting title to land. The Dallas court concluded all
were interlocutory and dismissed the appeal. The court applied the general rule that venue orders
were interlocutory and noted that orders overruling pleas to the jurisdiction are also interlocutory. 
Citing Tex. State Bd. of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242, 243 (1961). 
The Dallas court quoted pre-Crowson caselaw that "an order is appealable if it adjudicates a
substantial right as opposed to one leading to further hearings on the issue." Estate of Wright, 676
S.W.2d 161, 163 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). The Dallas court held that no
order adjudicated the substantial rights of any party—further hearings would be necessary before
adjudication of the disputed title—and thus no final, appealable, order was shown.
            An appeal may generally be taken only from a final judgment. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001). That category also includes concluded matters that are severed,
because those matters are then final. See Baker v. Monsanto Co., 111 S.W.3d 158, 159 (Tex. 2003). 
Accordingly, in typical cases, appellate courts have jurisdiction over appeals of interlocutory orders
only if a statute explicitly allows it. Stary v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998). Thus,
in probate matters as in other situations, appeals can be properly taken only from final orders.
            A venue determination by a court, in civil cases generally, is expressly not subject to an
interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (Vernon 2002). Tex. R. Civ.
P. 87 sets out the procedure to be followed in determining questions of venue, and concludes in
subsection 6, "There shall be no interlocutory appeals from such determination."



            "The Texas Rules of Civil Procedure govern proceedings in probate matters except in those
instances in which a specific provision has been made to the contrary. Tex. R. Civ. P. 2." 
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 812 (Tex. 1983); see In the Estate of Foster, 3
S.W.3d 49, 52 (Tex. App.—Amarillo 1999, no pet.). Section 6 of the Texas Probate Code, which
specifies where venue lies for probate matters, contains no language about the appealability of such
a determination. Tex. Prob. Code Ann. § 6 (Vernon 2003). In fact, there is no specific provision
allowing an interlocutory appeal of a probate venue determination. Therefore, Tex. R. Civ. P. 87
requires us to dismiss the appeal.



            We dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 21, 2004
Date Decided:             January 22, 2004