In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00139-CV
______________________________


 
 
IN RE: ESTATE OF MARGARET VIRGINIA FEARS, DECEASED
 


                                              

On Appeal from the County Court at Law No. 1
Gregg County, Texas
Trial Court No. 2003-0097-P


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            This appeal challenges an order transferring venue of a pending probate matter from Gregg
County to Rusk County. Appellee, Bob Ballard, moves to dismiss the appeal for want of
jurisdiction. After considering the matter on full briefing from both sides, we grant Ballard's motion.
            The sole question before us on this motion is whether a venue determination in a probate
proceeding is immediately appealable. The Texas Probate Code states simply that "final orders" may
be appealed. Tex. Prob. Code Ann. § 5 (Vernon 2003 & Supp. 2004). The Texas Probate Code,
however, contains neither a definition of a "final order" nor any provision specifically addressing
appealability of a venue order.
            The leading authority concerning appeals in probate proceedings, generally, is Crowson v.
Wakeham, 897 S.W.2d 779, 782 (Tex. 1995). In that case, the court recognized that a final order of
 a  court  that  exercises  original  probate  jurisdiction  is  appealable.  See  Tex.  Prob.  Code Ann.
§§ 5(f), 606(f) (Vernon Supp. 2004). The court also held an order need not fully dispose of the entire
proceeding in order to be final and, thus, appealable. Instead, it instructed reviewing courts to apply
the following test to determine whether the order is final and appealable:
If there is an express statute . . . declaring the phase of the probate proceedings to be
final and appealable, that statute controls. Otherwise, if there is a proceeding of
which the order in question may logically be considered a part, but one or more
pleadings also part of that proceeding raise issues or parties not disposed of, then the
probate order is interlocutory. For appellate purposes, it may be made final by a
severance order, if it meets the severance criteria . . . . A severance order avoids
ambiguities regarding whether the matter is appealable. Litigants can and should
seek a severance order either with the judgment disposing of one party or group of
parties, or seek severance as quickly as practicable after the judgment.

Crowson, 897 S.W.2d at 783; see In re Guardianship of Murphy, 1 S.W.3d 171, 172 (Tex.
App.—Fort Worth 1999) (orig. proceeding) (guardianship proceeding under Section 612); see also
A & W Indus. v. Day, 977 S.W.2d 738, 740 (Tex. App.—Fort Worth 1998, no pet.).
            In accordance with Crowson, Ballard suggests we focus on whether the order is severable
in determining whether it is sufficiently final to allow the appeal to continue. Attempting to support
his argument, appellant makes every effort to distinguish the Murphy opinion cited above. In that
case, the Fort Worth court applied the standard set out above and concluded that the transfer of a
guardianship under the Texas Probate Code was not appealable because it did not dispose of any
parties or issues in any particular phase of the guardianship, but "just changed the venue in which
those issues and parties will be decided." Murphy, 1 S.W.3d at 172.
            Appellant correctly points out that the Fort Worth court relied in part on the general
prohibition against appealing venue rulings in reaching its decision. That court, however, also relied
on two prior decisions, Forlano v. Joyner, 906 S.W.2d 118 (Tex. App.—Houston [1st Dist.] 1995,
no writ); and Grounds v. Lett, 718 S.W.2d 38 (Tex. App.—Dallas 1986, no writ). In both of those
cases, the courts were asked to review rulings on motions to transfer venue.


 In both, the appeals
were held improper.
            The appellate court in Forlano, finding no express statute and holding the order not
appealable, noted that the transferred proceeding was part of a lawsuit for breach of contract—not
the guardianship itself—and that there were issues not disposed of by the transfer. The court added
that such a transfer order could never by itself be appealable because, unlike the partial summary
judgment order in Crowson, a transfer order could not be subject, by its nature, to an order of
severance. By definition, an order that does not resolve a "claim" at all cannot be severed from the
main action. Forlano, 906 S.W.2d at 120.
            In Grounds, the Dallas court reviewed three orders of a probate court concerning venue and
jurisdiction of the probate court in an action affecting title to land. The Dallas court concluded all
were interlocutory and dismissed the appeal. The court applied the general rule that venue orders
were interlocutory and noted that orders overruling pleas to the jurisdiction are also interlocutory. 
Citing Tex. State Bd. of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242, 243 (1961). 
The Dallas court quoted pre-Crowson caselaw that "an order is appealable if it adjudicates a
substantial right as opposed to one leading to further hearings on the issue." Estate of Wright, 676
S.W.2d 161, 163 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). The Dallas court held that no
order adjudicated the substantial rights of any party—further hearings would be necessary before
adjudication of the disputed title—and thus no final, appealable, order was shown.
            An appeal may generally be taken only from a final judgment. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001). That category also includes concluded matters that are severed,
because those matters are then final. See Baker v. Monsanto Co., 111 S.W.3d 158, 159 (Tex. 2003). 
Accordingly, in typical cases, appellate courts have jurisdiction over appeals of interlocutory orders
only if a statute explicitly allows it. Stary v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998). Thus,
in probate matters as in other situations, appeals can be properly taken only from final orders.
            A venue determination by a court, in civil cases generally, is expressly not subject to an
interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (Vernon 2002). Tex. R. Civ.
P. 87 sets out the procedure to be followed in determining questions of venue, and concludes in
subsection 6, "There shall be no interlocutory appeals from such determination."



            "The Texas Rules of Civil Procedure govern proceedings in probate matters except in those
instances in which a specific provision has been made to the contrary. Tex. R. Civ. P. 2." 
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 812 (Tex. 1983); see In the Estate of Foster, 3
S.W.3d 49, 52 (Tex. App.—Amarillo 1999, no pet.). Section 6 of the Texas Probate Code, which
specifies where venue lies for probate matters, contains no language about the appealability of such
a determination. Tex. Prob. Code Ann. § 6 (Vernon 2003). In fact, there is no specific provision
allowing an interlocutory appeal of a probate venue determination. Therefore, Tex. R. Civ. P. 87
requires us to dismiss the appeal.



            We dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 21, 2004
Date Decided:             January 22, 2004