**DISMISSED; Opinion Filed January 10, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01144-CV

### IN RE: ESTATE OF WILLIAM GRIFFITH, DECEASED

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-19-00996-1**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

This interlocutory appeal arises from an application to probate a will filed by appellees in Dallas County. Appellants took issue with venue in Dallas County and filed a motion to transfer venue to Wichita County. The Dallas County probate court denied appellants' motion. Appellants filed this appeal seeking interlocutory review of the probate court's order denying the motion to transfer venue. We dismiss the appeal for want of jurisdiction.

## Background

Long-time Dallas resident William L. Griffith executed a will in 2010 devising certain property to appellee Rodney Wauson and listing appellee Randall Wauson as contingent beneficiary. Griffith was diagnosed with dementia and Alzheimer's in 2014, and Rodney filed an application to be appointed Griffith's guardian in 2015. Appellants, Griffith's niece and nephew Frances D. Lenox and Gordon Griffith, contested Rodney's application. The parties executed a family settlement agreement in which Griffith's Dallas home would be sold and appellants would

move Griffith to a memory care facility in Wichita Falls, where appellants live. Appellants moved Griffith to Wichita Falls, as agreed. He died there on March 14, 2019.

Appellees filed an application to probate the 2010 will in Dallas County. Appellants filed an opposition to the application, claiming the 2010 will was revoked by a will Griffith executed in 2015. Appellants also filed a motion to transfer venue to Wichita County on the grounds that Griffith resided and was domiciled there at the time of his death.

The probate court denied appellants' motion and concluded that venue was proper in Dallas County under Section 33.001(a) of the Texas Estates Code. Appellants seek review of the probate court's interlocutory venue determination.

**Analysis**

As a preliminary matter, we must determine whether this court has jurisdiction to hear this case as a direct interlocutory appeal. Generally, parties may only appeal from a final judgment. *Brittingham–Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)); *Fernandez v. Bustamante*, 305 S.W.3d 333, 337 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *but see* TEX. CIV. PRAC. & REM. CODE ANN. 51.014(a) (listing interlocutory orders that are appealable). A trial court's venue determination is generally interlocutory and not reviewable until final judgment. *See* CIV. PRAC. & REM. § 15.064(a); TEX. R. CIV. P. 87(6). The Texas Supreme Court has construed Section 15.064 and Rule 87 together, holding that "once a venue determination has been made, that determination is conclusive as to those parties and claims." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding).

This is a proceeding to admit a will to probate. We recognize an exception to the general rule requiring a final judgment in probate proceedings because multiple judgments may be rendered on discrete issues before the entire probate proceeding is concluded. *See Brittingham-*

*Sada de Ayala*, 193 S.W.3d at 578 (citing *Lehmann*, 39 S.W.3d at 192). But not all probate orders are appealable. *Id.* Unless there is an "express statute . . . declaring the phase of the probate proceedings to be final and appealable," *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995), the probate order must have "sufficient attributes of finality to confer appellate jurisdiction" by adjudicating a "substantial right" or disposing of "all issues in the phase of the proceeding for which it was brought." *See Brittingham–Sada de Ayala*, 193 S.W.3d at 578. (reviewing authorities); *see also Grounds v. Lett*, 718 S.W.2d 38, 39 (Tex. App.—Dallas 1986, no writ) (holding an order is not appealable if it does not adjudicate a substantial right but would lead to further hearings on the issue); *In re Guardianship of Murphy*, 1 S.W.3d 171, 173 (Tex. App.—Fort Worth 1999, no pet.) (same); *see, e.g.*, TEX. EST. CODE § 202.202 (permitting appeal from a judgment declaring heirship). Parties are urged "to seek severance orders to eliminate ambiguities about whether the order was intended to be final and appealable." *Brittingham–Sada de Ayala*, 193 S.W.3d at 578 (citing *Crowson*, 897 S.W.2d at 783).

The Texas Estates Code establishes mandatory venue for "a probate proceeding to admit a will to probate or for the granting of letters testamentary or of administration." EST. § 33.001. There is no "express statute" allowing interlocutory appeal from a venue determination in such proceedings. *See Crowson*, 897 S.W.2d at 783 (generally requiring an express statute to make an interlocutory order appealable); *Fernandez*, 305 S.W.3d at 339 (holding that interlocutory appeal was not permitted under Section 6 of the Texas Probate Code, predecessor to Section 33.001 of the Estates Code); *see also Chevriere v. Mitchell*, No. 01-18-00761-CV, 2019 WL 1996498, at *2 (Tex. App.—Houston [1st Dist.] May 7, 2019, no pet.) (citing *Fernandez* and holding the same under section 33.001 of the Estates Code); *In re Estate of Fears*, No. 06-03-00139-CV, 2004 WL 111423, at *2 (Tex. App.—Texarkana Jan. 22, 2004, no pet.) ("[T]here is no specific provision allowing an interlocutory appeal of a probate venue determination."); *In re Estate of Aguilar*, 435

S.W.3d 831, 833 (Tex. App.—San Antonio 2014, no pet.) (dismissing appeal from probate court's venue transfer under Section 34.001 of the Estates Code for lack of jurisdiction).

The probate court's order denying appellants' motion to transfer venue does not affect the substantial rights of any party and does not dispose of all issues and parties, thus it is not appealable. *See Crowson*, 897 S.W.2d at 783; *Grounds*, 718 S.W.2d at 39 (holding a probate court's denial of a motion to transfer venue is not final and appealable).

Appellants argue that the probate court's venue determination is appealable under Section 15.003 of the Civil Practice and Remedies Code. Section 15.003 states, "In a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff must, independently of every other plaintiff, establish proper venue." CIV. PRAC. & REM. § 15.003(a). If a plaintiff cannot independently establish venue in the case, that plaintiff's claims must be transferred to a proper venue unless certain criteria are met. *Id*. Section 15.003(b) permits interlocutory appeal of "a trial court's determination" of these criteria. CIV. PRAC. & REM. § 15.003(b). Thus, Section 15.003 provides an exception to Section 15.064 and Rule 87's prohibition on interlocutory appeal by permitting appeal from a trial court's venue determination in lawsuits involving multiple plaintiffs. *See id*.

Appellants contend that Section 15.003 permits interlocutory appeal from the probate court's denial of their motion to transfer venue, arguing that this multi-applicant probate proceeding is analogous to the multi-plaintiff lawsuit addressed by Section 15.003. Appellants cite no case law applying Section 15.003 to a probate proceeding, and we are aware of none. Consequently, we must construe the statutory language to determine whether it applies as appellants contend.

When statutory text is clear, we do not resort to rules of construction or extrinsic aids to construe the text because the truest measure of what the Legislature intended is what it enacted. *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex. 2017) (citing *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). And we endeavor to read statutes contextually to give effect to every word, clause, and sentence. *Id.* (citing *In re Office of Attorney Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). We also typically give statutory terms their ordinary or common meaning unless context or a supplied definition indicates that a different meaning was intended. *Id.* (citing *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 765 (Tex. 2014)).

Section 15.003 expressly pertains only to "suits" or "lawsuit[s]" involving "more than one plaintiff." A plaintiff initiates a lawsuit by filing a petition that identifies "the plaintiff's cause of action . . . ." TEX. R. CIV. P. 22, 45, 78. A "cause of action" is "a factual situation that entitles one person to obtain a remedy in court from another person." *See Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019).

### Conclusion

Unlike a plaintiff, the applicant in a probate proceeding does not seek a "remedy in court from another person" but seeks only an order admitting the will to probate. EST. § 256.001 ("[A] will is not effective to prove title to, or the right to possession of, any property disposed of by the will until the will is admitted to probate."); § 256.201 (upon receipt of sufficient evidence, "the court shall enter an order admitting the will to probate"). Thus, by its own terms, Section 15.003 does not apply to probate proceedings. We decline to permit an interlocutory appeal under that section to probate proceedings like those at issue here. We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robbie Partida-Kipness
ROBBIE PARTIDA-KIPNESS
JUSTICE

191144F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE: ESTATE OF WILLIAM
GRIFFITH, DECEASED

No. 05-19-01144-CV

On Appeal from the Probate Court No. 1,
Dallas County, Texas
Trial Court Cause No. PR-19-00996-1.
Opinion delivered by Justice Partida-
Kipness. Justices Whitehill and Pedersen,
III participating.


In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 10th day of January, 2020.